No. 112.—DANIEL R. MITCHELL, plaintiff in error, vs. DANIEL S. PRINTUP, defendant.

[1.] Where the verdict and judgment in *trover* is in the alternative, the defendant must elect either to deliver the property within the time prescribed, or pay the damages in money; and he will not be allowed to deliver in part and pay in part.

[2.] A discrepancy between the verdict and judgment, which does not prejudice or affect in any way the rights of the defendant, is wholly immaterial; and an affidavit of illegality will not lie on that account.

Illegality, in Floyd Superior Court. Decided by Judge TRIPPE, December Term, 1855.

D. S. Printup sued D. R. Mitchell in an action of trover for seven notes of $12 50 each, and one note of $25 made by one Morris. The Jury found the following verdict:

"We, the Jury, find for the plaintiff One Hundred and Fifty-six $\frac{15}{100}$ Dollars, which may be discharged by returning the notes in twenty days:

ROBERT WOOD, Foreman."

The judgment entered on this verdict described the notes as being " for rent," and had these words, " all to be delivered in twenty days." The defendant, within twenty days, delivered to the Clerk all the notes, except the twenty-five dollar note, for which he paid the amount due, principal and interest.

Execution having issued for $156 15, defendant filed his affidavit of illegality, on the ground that the judgment varied from the verdict and from the declaration, by the insertion of the words above mentioned, and on the ground that he had complied with the verdict, by delivering seven of the notes and paying the amount due on the other.

The Court dismissed the illegality, and on this decision error is assigned.

ALEXANDER, for plaintiff in error.

UNDERWOOD, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] It is unquestionably a relaxation of the law and a privilege to defendants, to permit them to deliver up the property in discharge of the damages recovered against them in actions of trover. But the verdict being in the alternative, they must elect to do one or the other. They will not be allowed to deliver in part and pay in part. Such an indulgence, were it sanctioned, might and would be frequently and grossly abused. Hence, we affirm the judgment of the Circuit Court in dismissing this illegality.

[2.] The discrepancy between the declaration, verdict and judgment is wholly immaterial. Mr. Mitchell does not deny but that the $25 note was for rent. But whether he did or did not, that matter could only have become important, had Mr. Mitchell tendered a note of $25 in discharge of the judgment, which was refused by Mr. Printup, because it did not purport to be for rent. It is not pretended that the defend-

:ant offered any note, whatever, answering to this description. ⟨On the contrary, this is the identical note which he proposed ⟨to pay in money.