JAMES M. WICKER, plaintiff in error, *vs.* WILLIAM HENRY WOODS & COMPANY, defendants in error.

1. Irregularities in proceedings to foreclose a crop lien constitute no ground to set aside the verdict rendered thereon. Such objections should be taken at the trial.

2. When the jury, in such a case, do not find for the plaintiff, but simply that the defendant is entitled to a certain credit, ought not the verdict to be set aside ? *Quære.*

3. A counter-affidavit was filed to a proceeding to foreclose a crop lien, and replevy bond given. Upon the trial of this issue the jury simply found that the defendant was entitled to a certain credit. The case thus stood until the second term of the court thereafter, when a *nunc pro tunc* judgment was entered against the defendant and his sureties on the replevy bond.

*Held* to be error, especially as it did not appear that the sureties had ever had their day in court.

Waiver. Verdict. Principal and security. Judgments. Before Judge CLARK. Macon Superior Court. May Term, 1875.

Reported in the decision.

JOHN R. WORRILL, for plaintiff in error.

POE, HALL & LOFTON, by W. A. HAWKINS; R. G. OZIER, for defendants.

WARNER, Chief Justice. ·

This case comes before us on a bill of exceptions to the judgment of the court below, alleging error in refusing to set aside a verdict, and in allowing a judgment *nunc pro tunc* to be entered against the defendants, as set forth in the record. It appears in the record of the proceedings had in the case that the defendants executed two crop liens to the plaintiffs, the one dated 11th January, 1873, for $300 00, due 1st of November thereafter, the other dated 17th of February, 1873, for $72 00, and due 1st of November thereafter. Both liens were foreclosed on the 21st of November, 1873, before the ordinary of Macon county, executions issued thereon and were levied on the defendants' property. Wicker, one of the defendants, filed a counter-affidavit, in which he contested the justice and amount of the plaintiffs' claim, and for the reasons set forth in his affidavit, claimed that the plaintiffs' debt was discharged. Upon the issue thus formed the case was tried without any objections as to the regularity of the proceedings, so far as the record shows, at the May term of the court, 1874, when the jury returned the following verdict: "We, the jury, find that

the defendant, James M. Wicker, is entitled to a credit on the within executions of $164 56." At the May term, 1875, of the court, the defendant, Wicker, made a motion to set aside said verdict on the ground of the irregularity of the proceedings specified therein, in the foreclosure of said liens, which motion was overruled by the court. It appears from the record before us that when the defendant, Wicker, filed his counter-affidavit he gave a replevy bond, with Darby, Norris, Smith and Greer, as his sureties, conditioned to pay the eventual condemnation money in said cases. At the said May term of the court, 1875, after reciting the lien *fi. fas.,* affidavit, and issue thereon, and the verdict at May term, 1874, and that no judgment had been rendered on that verdict of the jury, the court ordered a judgment to be entered on that verdict, *nunc pro tunc,* against Wicker and his securities, for the sum of $207 44, with interest from the 1st of November, 1873. To the entering of said *nunc pro tunc* judgment and refusal to set aside the verdict as before stated, the defendant excepted.

1. The motion to set aside the verdict on the ground of the alleged irregularities in the proceedings, if the same would have been good, should have been taken at the trial, and the objections come too late after verdict, unless the whole proceeding was void. When an issue is formed in this class of cases by the counter-affidavit of the defendant, that, with the affidavit of the plaintiff, constitutes the pleadings in the case, and is to be tried and a verdict rendered thereon as in other cases: *McConnell vs. Bryant,* 38 *Georgia Reports,* 639.

2. In the case now before us the jury did not find a verdict for the plaintiffs for any amount, but found that the defendant, Wicker, was entitled to a credit of $164 46 on the executions. If the motion to set aside the verdict had been made on the ground that it did not cover the issues made by the pleadings, we are inclined to think it should have been allowed: Code, section 3559; *Settle vs. Alison,* 8 *Georgia Reports,* 201. The defendant, however, did not move the court

to set aside the verdict on that ground, and as the court below did not decide it, we will not do so.

3. In our judgment the court erred in ordering the judgment *nunc pro tunc* to be entered on the verdict set forth in the record, in favor of the plaintiffs against the defendant, Wicker, and his securities, for the sum of $207 44, with interest from the 1st of November, 1873, especially as it does not appear that the securities have ever had their day in court.

Let the judgment of the court below be reversed.