## SAULSBURY, RESPESS & COMPANY *vs.* BLANDYS.

1. A question which has been settled by a verdict cannot be again raised by affidavit of illegality to the *fi. fa.* founded thereon.

2. Even if it be allowable by affidavit of illegality to go behind the judgment and inspect the verdict, still the reasonable interpretation of a verdict in favor of plaintiffs for a stipulated amount would be that such finding was against the defendants who had been made parties to the case, and no others; and a decree against such defendants only would follow the verdict.

3. Factors to whom the drawer of a draft for the purchase money of a steam engine for ginning cotton was in debt, and who agreed to accept it in order to facilitate their collection from the drawer out of his cotton, did not stand on the footing of accommodation acceptors, but were original contractors.

Illegality.   Judgments.   Practice in the Superior Court. Contracts.   Before Judge SIMMONS.   Bibb Superior Court. April Term, 1879.

An execution was issued against Saulsbury, Respess & Co. and John C. Curd, security on *supersedeas* bond, in favor of H. & T. Blandy, for eleven hundred and seventy dollars, principal, and interest, and was levied on forty-five bales of cotton, the property of Saulsbury, Respess & Co. They filed an affidavit of illegality upon the following grounds:

1. Because the decree entered up in the case upon which said execution purports to issue does not follow the verdict rendered therein; because the verdict was a general verdict against Frederick D. Wimberly, principal, and Saulsbury, Respess & Co., securities, and the decree upon such verdict was entered up against the securities alone, without showing their relation to the said Wimberly, and no decree has been entered up against Wimberly; which failure to enter up such decree discharges the sureties.

2. Substantially the same as first ground.

3. Because Saulsbury, Respess & Co. being sureties, and being joined in same suit with their principal, were

entitled to have a decree against Wimberly, from the date of verdict, for their indemnity.

4. Because the failure of the Blandys to enter up judgment against the principal increased the risk of the sureties, and discharged them.

5. Because the Blandys took a mortgage upon fifteen head of stock to secure the draft, and failed to record it, which increased risk of sureties, and discharged them.

On demurrer, the court dismissed the affidavit of illegality, and defendants excepted.

HALL & SON; E. F. BEST, for plaintiffs in error.

LANIER & ANDERSON; N. E. HARRIS, for defendants.

JACKSON, Justice.

This is an affidavit of illegality to a decree in equity rendered in favor of the defendants in error against the plaintiffs in error on various grounds alleged therein. This decree was rendered on a verdict of the jury which settled the rights of these parties after a stubborn litigation. The bill was filed to compel the plaintiffs in error, Saulsbury, Respess & Co., to accept and pay a draft drawn by Wimberly on them, and which it was charged they had agreed to accept and pay to the Blandys, who are the defendants in error, the draft being for a steam engine for ginning cotton and other purposes. The case has been here twice before, first in 53 *Ga.*, 665, where the law was settled on demurrer, and the bill afterwards amended to accord with the judgment then pronounced. On the bill so amended, the facts were tried, the law properly ruled, a verdict had, a new trial refused, and that judgment affirmed on the merits by this court, reported in 60 *Ga.*, 646. Now it is here again on an affidavit of illegality to the execution issued on that decree.

1. There are five grounds taken in this affidavit, the fifth and last of which was one of the issues made on the

trial of the bill, and decided then adversely to Saulsbury, Respess & Co., and of course that will not be again considered. It is *res adjudicata.* The other four rest on the allegations that the decree does not follow the verdict, and that Saulsbury, Respess & Co. are accommodation acceptors, and therefore sureties, and that the failure to take a decree against them in that character, and against Wimberly, for whom they accepted, operated to discharge them.

2. Passing by the question whether there is any remedy by affidavit of illegality, where the affidavit has to go behind the judgment and inspect the verdict—Code, §3671 —it is enough to say that this decree does follow this verdict, construed, as it must be, in the light of the pleadings. The verdict is that " the jury find for the plaintiffs in the sum of eleven hundred and seventy dollars and twenty-one cents, and interest from maturity of draft, April 1st, 1872, with all costs."

The decree is :

" Whereupon it is ordered and decreed by the court, that the verdict of the jury aforesaid be made the decree of this court, and that the plaintiffs, H. & F. Blandy, do recover of the said defendants, Saulsbury, Respess & Co., the sum of eleven hundred and seventy dollars and twenty-one cents ($1170.21) for principal debt, and four hundred and fifty-six dollars and forty-three cents as interest to the date of this decree, and the costs of court to be taxed by the clerk, and that execution do issue for said sum against said defendants. This October 29th, 1877."

There was no prayer for relief against any other person than Saulsbury, Respess & Co. A subpœna was prayed for against Wimberly, but he was not served, and never made any plea or answer. The only issue made and tried was between the Blandys and Saulsbury, Respess & Co.; the jury found against Saulsbury, Respess & Co. on that issue ; the verdict must always be reasonably construed, and the pleadings may be referred to in order to ascertain its meaning, if doubtful ; and that verdict is for

the complainants, and does not name the defendants; it therefore reasonably means those who made the issue with the complainants, who defended the case on demurrer, on the trial, and on two bills of exception to this court; and those defendants are Saulsbury, Respess & Co. The decree follows the true intent and meaning of this verdict, and is properly made.

3. Nor can it be truly said that Saulsbury, Respess & Co. are merely accommodation acceptors, much less sureties in the true sense of that word. They were the factors of Wimberly, received his cotton crop, he was indebted to them, and, according to complainants' side of the case, which the jury believed, they said that they must accept for him for their own advantage, to help him in ginning that crop with the machine furnished by complainants, and thus to facilitate their collection of part of the indebtedness, and get control of the crop for the future. As between themselves and Wimberly, the latter may owe them the amount of this judgment, when it is paid by them; but as between complainants and these factors who agreed to accept, they are original contractors. If they desired a decree against Wimberly, they should have pleaded and prayed so as to get it. It was no part of the business of complainants to do so. Besides, Wimberly is insolvent, he was not served, did not plead, no prayer was made against him, and probably these are the reasons he was wholly disregarded in the suit, the verdict and the decree.

The only question for consideration by us is whether we should not award damages in the case.

We rather think that the case is brought for delay; but as that object may not have been the only motive which induced these complainants thus stubbornly to litigate, and as they gained the first case, brought here on demurrer, we forbear to yield to the demand for damages made this time, in the hope that the country will not again be troubled with the case

Judgment affirmed.