## ABBOTT *et al.* v. ROACH *et al.*

A verdict which failed to cover the issues made by the pleadings and which was too indefinite for enforcement should have been set aside on proper motion for that purpose, made during the term at which the verdict was rendered, though subsequently to its reception by the court and its entry upon the minutes.

Argued April 4, — Decided May 22, 1901.

Complaint for land. Before Judge Fite. Gordon superior court. October 29, 1900.

*Starr & Erwin* and *R. J. & J. McCamy*, for plaintiffs.

*W. R. Rankin, J. M. Neel*, and *Cantrell & Ramsaur*, for defendants.

FISH, J.    Mary J. Abbott and others brought complaint against the defendants to recover one acre, more or less, of lot of land 181 in the 15th district and 3d section of Gordon county.    The defendants filed several pleas.    Upon the trial the jury returned a verdict in the following language:    "We, the jury, agree to establish the line commencing on the line dividing Mrs. Campbell and Mary J. Abbott and others, so as to run six feet north of the big walnut tree due west forty rods, thence forty rods more or less south of west to the corner of lot 181."    After the verdict was received and entered upon the minutes of the court, but during the term at which it was rendered, the plaintiffs moved to set it aside, "because, first, said verdict is so vague and uncertain and indefinite as to be incapable of execution; secondly, because the jury in the said verdict do not decide the vital question made by the pleadings, viz., the charge made by plffs., and denied by defts., that dfts. have some of plffs.' land in their possession."    Upon this motion the court ordered the defendants to show cause during the term why the verdict should not be set aside.    The court, upon considering the response of the defendants, which it is not material to set out, overruled the motion to set aside the verdict, and entered up a judgment in accordance with the response of the defendants.    The plaintiffs excepted to the refusal to set aside the verdict and to the judgment entered up thereon.    A decision upon the first of these assignments of error will dispose of this case.    We think the court erred in not setting aside the verdict.    It was entirely too indefinite and uncertain to be enforced.    Even if it could be considered to be in favor of the plaintiffs, a writ of possession issued in pursuance of a judgment entered thereon could not be executed, for the manifest reason that the sheriff could not identify the land by the description given in the writing, which must follow that set out in the verdict and judgment.    Moreover the verdict did not cover the issues made by the pleadings, as section 5329 of the Civil Code requires.    The contention of the plaintiffs was that they owned the land which they sought to recover.    This the defendants denied.    The verdict left this vital issue undecided.    It merely recited that the jury had established a dividing line, without any indication as to what effect the establishment of such line had upon the right of the plaintiffs to recover the premises for which the action was instituted.    There is no merit in the suggestion that plaintiffs' motion, because made

after the reception and record of the verdict, came too late, and that their only remedy was a motion for a new trial. At common law, where the objection was not on the merits of the verdict, but went rather to some irregularity therein, as that it was uncertain, ambiguous, or defective, the proper procedure was a motion for a venire facias de novo, and not for a new trial, though the consequences and object of a new venire were, of course, to obtain a new trial. Of course, the motion for a new venire was made after the irregularities or defect had occurred in the proceedings on the first venire, or the trial. Andrews' Stephen's Pldg. § 95, p. 188.

In *Wicker* v. *Woods*, 55 *Ga.* 647, executions issued upon foreclosure of crop liens were resisted by counter-affidavit, and at the trial, at the May term, 1874, of the court, the jury returned the following verdict: "We, the jury, find that the defendant, James M. Wicker, is entitled to a credit on the within executions of $164.46." At the May term, 1875, no judgment having been entered upon such verdict, the defendant, Wicker, moved to set it aside, on the ground of certain specified irregularities in the foreclosure proceedings. This motion was overruled, and the judgment of the trial court on this point was affirmed by this court, on the ground that the objection to the irregularities in the foreclosure proceedings, if the same would have been good, should have been taken at the trial and came too late after verdict, unless the whole proceeding was void. In his opinion, however, Chief Justice Warner said: "In the case now before us the jury did not find a verdict for the plaintiffs for any amount, but found that the defendant, Wicker, was entitled to a credit of $164.46 on the executions. If the motion to set aside the verdict had been made on the ground that it did not cover the issues made by the pleadings, we are inclined to think it should have been allowed: Code, section 3559; *Settle vs. Allison,* 8 *Georgia Reports,* 201." From what we have said, it follows that the judgment of the court overruling the motion to set aside the verdict must be reversed.

*Judgment reversed. All the Justices concurring.*