43381.   McKINNEY v. SCHAEFER et al.

Argued January 11, 1968—Decided April 3, 1968.

*Robinson, Thompson, Buice & Harben, B. Carl Buice,* for appellant.

*McClure, Ramsay & Struble, Robert B. Struble,* for appellees.

FELTON, Chief Judge. ■ Appellees have moved to dismiss the appeal on the ground that the names of two of the defendants below, Graves and Connelly (also spelled "Conoley" and "Conoly" in the record), were omitted from the captions of appellant's brief and enumeration of errors. The caption of the notice of appeal designates as "defendants" "Dr. W. B. Schaefer, et al." and the body thereof appeals from the judgment in favor of "the defendant."

Ga. L. 1965, pp. 18, 20, as amended *(Code Ann.* § 6-802) provides, in part: "All parties to the proceedings in the lower court *shall be* parties on appeal, and shall be served with a copy of the notice of appeal in the manner hereinafter prescribed." (Emphasis supplied.) Since this statute provides that the two omitted parties "shall be" parties, rather than merely that they shall be *made* parties, they were, by operation of this law, parties on this appeal. These parties were served with a copy of the notice of appeal by the means of its service on the counsel which represented all of the defendants. Since these parties are properly served parties on the appeal, this court can, under *Code Ann.* § 6-809 (Ga. L. 1965, pp. 18, 29, as amended), regard them as such without the necessity of the formality of amending the record. The motion to dismiss is denied.

■ The two charges enumerated as error are as follows: "I charge you that a [sic] suit brought by a patient for malpractice against a physician the presumption in law is that the surgical

or medical services were performed in an ordinarily skillful manner, and the burden is on the person receiving the services to show a want of due care, skill and diligence.

"I further charge you that the degree of care and skill required of a practicing physician in the performance of his service is that degree which, under similar circumstances and like surrounding circumstances, is ordinarily employed by the profession generally. If the doctor or physician possesses the qualifications above stated, and uses ordinary and reasonable care and diligence in his best judgment in the application of his skill to the case, he is not liable because his efforts to assist nature did not bring about the desired result."

The above two charges are correct principles of law, whether the negligence charged to physicians is the negligence of the physicians directly or under the rule of respondeat superior. It is not a good enumeration of error that a charge correct as an abstract principle of law and applicable to the facts in the case being tried does not contain another and additional principle of law. The proper objection in such a case is that the court failed to give the additional charge. *Garner v. Sharp*, 111 Ga. App. 47(2) (140 SE2d 511), and cit. Here, moreover, the court did, later in its charge, give the following instruction: "A principal shall be bound for the care and diligence of his business and since [sic] the principal shall be bound for the negligence of his agent in the transactions of such business." The foregoing was a legally, if not grammatically, correct statement of the principle of law contended to be applicable in the case. Since, under the pleadings and evidence, the direct negligence of the defendant physicians was not involved, the jury could have concluded reasonably, under the charge as a whole, that the negligence, if any, of the defendants must be based solely upon the rule of respondeat superior.

The charge, construed as a whole, was not harmful; therefore, the court did not err in rendering judgment on the verdict in favor of the defendants.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*