## 27647. CARTER v. PARSON.

MOBLEY, Chief Justice. This appeal is from a judgment entered on a jury verdict in an injunctive action between coterminous landowners. Huel Parson brought his complaint against L. L. Carter, alleging that Carter was committing continual acts of trespass on Parson's property. The complaint described what Parson claimed to be the true dividing line between the parties. Carter denied that he was trespassing on Parson's land, and alleged what he claimed to be the true dividing line. His answer was amended during the trial to show a different line from that originally alleged. The jury found in favor of the plaintiff Parson. Carter appealed from the judgment entered on the verdict.

1. The first contention of the appellant is that the evidence did not support the verdict. Each party relied on a plat of survey made by a surveyor employed by him, and testimony of witnesses who had lived on the properties, stating where they considered the dividing line to be. The evidence was in sharp conflict, but there was ample evidence to support the finding of the jury that the plat relied on by the appellee correctly showed the dividing line between the parties.

2. Enumerated errors 2 and 6 complain that the court erred in failing to permit the appellant to introduce evidence to support his cross action for damages to crops planted by him in the disputed area, and in failing to charge the jury in regard to damages sustained by him by reason of the temporary restraining order enjoining him from using the land.

From the colloquy between the court and counsel for the parties it appears that counsel for both parties had agreed to the injunction remaining in force until the trial of the case. In any event, the jury found against the appellant's contention that he owned the disputed land, and he could not recover damages under his cross action.

3. The trial judge charged Code § 85-1602, and there is no merit in enumerated error 3, complaining that he failed to charge the principles of that section.

4. Enumerated errors 4 and 5 complain that the court erred in entering a judgment contrary to the verdict and contrary to the evidence.

The appellee contended that the dividing line was that shown on a survey made by Hubert Lovell. The jury found "in favor of the Lovell Survey." The judgment stated the true dividing line to be that described in the complaint, followed by the words: "as shown by plat of Hubert Lovell on file with Clerk of Superior Court, Banks County, Georgia, to which reference is hereby made and the same is hereby incorporated in this decree by reference for a complete description of said dividing line."

This judgment was consistent with the verdict of the jury, and not contrary to the evidence.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 8, 1973 — DECIDED FEBRUARY 8, 1973 — REHEARING DENIED FEBRUARY 22, 1973.

*Howard Oliver, Jr.,* for appellant.
*Jack S. Davidson,* for appellee.