## 49627. REYNOLDS v. ARC SERVICES, INC.

WEBB, Judge.

Curtis Reynolds brought suit in the Civil Court of Fulton County seeking to recover against ARC Services, Inc., upon a verified account. Defendant filed its answer and counterclaim, which plaintiff moved to strike on the grounds that it was not verified. Defendant cured this deficiency by amendment, and the motion to strike was overruled. Subsequently the following order was entered: "The matter having regularly come on for trial and the defendant having failed to appear at the call of the case, by default of the defendant judgment is hereby ordered for plaintiff . . . defendant's counterclaim is dismissed, with prejudice, for want of prosecution." However, the trial court, in entering this judgment, failed to strike defendant's answer.

On the following day, which was at the same term of court, defendant moved the court, in its sound discretion, to vacate and set aside the default judgment. The court vacated the judgment "for cause" and ordered the case placed on the first available non-jury calendar for trial, neither party having made demand for jury trial. Plaintiff appeals with a certificate for immediate

review. *Held:*

1. Plaintiff apparently relies upon the court rule found in Code Ann. § 24-3341[1]: "When a case is sounded for trial, the parties shall immediately announce ready, or move to continue; if three minutes should elapse before the announcement or motion to continue, the plaintiff's case will be dismissed, or the defendant's *answer stricken.*" (Emphasis supplied.) In the instant case the trial court did not strike defendant's answer but simply rendered a default judgment. Clearly if Code Ann. § 24-3341 is the applicable rule, it was error to render a default judgment when the answer had not been stricken and remained of record.

2. Since the judgment was not upon a verdict, and the motion to set aside was filed within the term in which the judgment was entered, the trial court had the power to set it aside in the exercise of a sound discretion. *Martin v. General Motors Corp.,* 226 Ga. 860, 862 (1) (178 SE2d 183); *Thompson v. Maslia,* 127 Ga. App. 758, 762 (3) (195 SE2d 238). There being no transcript of the proceedings to indicate otherwise, we must assume that the trial court exercised a sound discretion in vacating and setting aside the judgment "for cause."

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

Submitted September 3, 1974 — Decided September 19, 1974 — Rehearing denied October 10, 1974 — ■

*Carl B. Seamans,* for appellant.

*Thrasher, Costanzo & Stanford, R. Joseph Costanzo, Jr.,* for appellee.

---

[1] As we understand it, plaintiff contends that this Superior Court rule is applicable in the Civil Court of Fulton County because the case involves more than $300.