## 53667. RESTLER v. HAAS & DODD REALTY COMPANY.

QUILLIAN, Presiding Judge.

Appeal was taken in this case from an order overruling the appellant's motion to set aside a judgment entered when the appellant failed to appear on the call of the case for trial. *Held:*

The appellant contends that he set forth in his defensive pleadings a demand for jury trial; that the case came on for trial before a judge without a jury; that he was thereby excused from appearing at that time.

In making his contentions appellant is relying, in part, on facts not appearing upon the face of the record or pleadings. Unless there is a lack of jurisdiction over the person or subject matter a motion to set aside, under these circumstances, would not lie. CPA § 60 (d) (Code Ann. § 81A-160 (d)); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138); *Henry v. Adair Realty Co.,* 141 Ga. App. 182, 184 (3) (233 SE2d 39). For the purposes of this decision we treat the attack based on failure to give proper notice of trial date as substantially equivalent to an attack predicated on a lack of jurisdiction over the person.

Under the trial court's rules the request for a jury

trial must be made on a "pink slip" as provided in Rules 11 and 12. Pretermitting whether these rules might conflict with Civil Practice Act §§ 38 and 39 (Ga. L. 1966, pp. 609, 652) (see, however, *Marler v. C. & S. Nat. Bank,* 139 Ga. App. 851, 853 (1b) (229 SE2d 786)), we still find no valid basis for setting aside the judgment.

There is no question but that the prescribed notice was given by publication in the Fulton County Daily Report. A court reporting service failed to notify the appellant of this. We will not hold, as a matter of law, that the trial judge erred in finding such not to be a valid excuse. Thus, when the appellant was notified that he must appear for trial, whether jury or nonjury, he was responsible for appearing at that time. His failure to do so subjected him to a default judgment. Under the circumstances here, it was not error to allow such judgment to stand.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED APRIL 11, 1977 — DECIDED<br>MAY 16, 1977.

*Adair, Goldthwaite, Stanford & Daniel, Andrew W. Estes,* for appellant.

*Martin H. Rubin,* for appellee.