## 54316. GOFORTH v. FOGARTY VAN LINES, INC.

DEEN, Presiding Judge.

The appellee common carrier sued Goforth for $885.30 for transportation charges on furniture, and she filed a cross bill for damage to the property in the sum of $450. The jury returned a verdict for the defendant in that amount. Plaintiff then filed a motion for judgment notwithstanding the verdict in the sum of $435.30, the difference between these figures, reciting in part: "Plaintiff moved for a directed verdict on the complaint on the grounds that the defendant was a shipper, consignee and beneficial owner, citing 49 USC 323 and anno. and defendant's failure to raise a defense to liability under the law as applied to the admitted facts. In response to plaintiff's motion for directed verdict on the complaint, the [judge] said to the defendant: 'You owe the money. It was shipped to you at your request.' Thereafter the parties argued to the jury on the counterclaim issue only. The jury returned a verdict for the defendant in the amount of $450." After hearing on a rule nisi the trial judge granted the motion n.o.v. and entered judgment for the plaintiff for $435.30. Defendant appealed, specifying that the transcript not be included in the record, and neither it nor the charge of the court is a part of the record before this court. *Held:*

The burden is on the appellant to show legal error. If the statements in the motion for judgment are contradicted by the record (which the appellant does not contend) then the burden would be upon the appellant to show this fact. We therefore take the statements in the motion to be true, leading to the conclusion that the court did in fact intend to direct a verdict for the plaintiff on its complaint and submitted to the jury only the issues included in the counterclaim. We also assume, in the absence of a transcript, that the evidence adduced supported this disposition of the case, nor does the appellant in fact contend otherwise. The appeal is based on the proposition that no motion for nor order directing a verdict was reduced to writing. "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing." Code

§ 81A-107 (b) (1). This motion was made during the trial, and need not have been reduced to writing. If the court, as appears, intended to grant it but failed to give the jury proper instructions, his proper method of correcting the error was by granting the judgment notwithstanding the verdict. "Whenever a motion for a directed verdict made at the close of all the evidence is denied *or for any reason not granted,* the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion." Code § 81A-150 (b). (Emphasis supplied.)

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 6, 1977 — DECIDED OCTOBER 5, 1977.

*Fred MacDowell, Nick Long,* for appellant.

*Maley & Crowe, M. Douglas Mann,* for appellee.