### 54827. SEWELL v. LEIFER.

DEEN, Presiding Judge.

1. This is an action for breach of contract. Leifer, the plaintiff, listed certain property for sale with the defendant Prickett Realty Co., who procured the co-defendant Sewell to sign a contract of purchase. Sewell thereafter reneged and allegedly stopped payment on the earnest money check in the sum of $500, half of which would otherwise have gone to the plaintiff and the other half to the co-defendant. Leifer then sued Sewell and the real estate company for $250 each plus punitive damages, and later amended the prayer as to Sewell by seeking "$3,000 actual damages" without specifying what these were. The defendant company filed a demand for jury trial. Each defendant answered the complaint. On the call of the case for trial the plaintiff was present but apparently neither defendant responded, and the following default judgment was entered: "Plaintiff having appeared at the February, 1976, term of court and announced ready for trial, and defendant James L. Sewell, Jr. or his counsel of record having failed to appear and answer, it is the judgment of this court that the plaintiff be granted judgment against defendant Sewell for the amount prayed for in plaintiff's petition, $3,000 actual damages plus costs." The judgment is dated in March, 1977; the plaintiff voluntarily dismissed the real estate company in April and in May the defendant Sewell filed a motion to set aside the default judgment as to it, which the trial court denied and which is the subject of this appeal.

2. This action was filed in the State Court of Gwinnett County and is governed by the rules of practice and procedure applicable to the superior courts of this state unless express provision is made to the contrary in the Act creating the court. See Code § 24-2107a; Ga. L. 1937, p. 1184, Sec. 4 (providing for the establishment of

the Gwinnett City Court, predecessor of this court) and Ga. L. 1955, p. 2833, Sec. 2.

3. Under the procedure in the State Court of Gwinnett County, the judge hears and decides civil cases without the intervention of a jury unless a demand is made for jury trial. Such demand, when made, cannot be withdrawn without the consent of the remaining litigants. Ga. L. 1965, p. 2810, Sec. 2. See also, as to the required element of consent to the withdrawal or waiver of a demand for jury trial, 90 ALR2d, p. 1162 et seq. "Once a trial by jury has been seasonably demanded, it redounds to the benefit of all parties to the case, and no withdrawal of such demand is effective unless consented to by all parties." 47 AmJur2d 677, Jury, § 59. "Failure to be present at the calling of the case has been held not to constitute a waiver where the statute requires an express waiver." 50 CJS 801, Juries, § 95.

4. "When a case is sounded for trial, the parties shall immediately announce ready, or move to continue; if three minutes should elapse before the announcement or motion to continue, the plaintiff's case will be dismissed, or the defendant's answer stricken." Code § 24-3341. This is a rule of court applying to the superior courts of this state and by extension to the State Court of Gwinnett County. It does allow the answer to be stricken on failure of the defendant to appear and either announce ready or move for a continuance when the case is called on the trial calendar. But it does not permit the court, *without expressly striking the answer,* to enter up a judgment for the plaintiff as by default. *Reynolds v. ARC Services, Inc.,* 132 Ga. App. 863 (209 SE2d 653).

5. Applying the foregoing law to the facts of this case, when the two defendants answered the plaintiff's complaint, and the defendant company filed its demand for jury trial, this demand inured to the benefit of the co-defendant and could not be withdrawn (nor was it attempted to be withdrawn) without the consent of all parties. When thereafter the case was called for trial and neither defendant answered, the trial court would have been acting within his legal powers in striking the answers and thereafter declaring the case in default and entering a default judgment. But, under the ruling in

*Reynolds,* supra, he could not do so without first striking the answer, and this was not done. For two reasons, then, the judgment is void, as a default judgment is not permissible so long as a valid answer appears in the record, and the judgment of the court without a jury is not permissible where the record shows a valid demand for jury trial. Furthermore, even where the judgment is one by default and the plaintiff in an action for unliquidated damages arising out of contract is entitled to a default judgment "the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury." Code § 81A-155. Thus, whether the case was in default or not, the plaintiff would have had to introduce evidence as to his damages.

6. Under the circumstances above set forth, the invalidity of the judgment appears on the face of the record, and the court erred in denying the motion to set it aside.

*Judgment reversed. Webb and Birdsong, JJ., concur.*

ARGUED NOVEMBER 2, 1977 — DECIDED NOVEMBER 17, 1977.

*Mull, Sweet & Harper, Thomas H. Harper, Jr.,* for appellant.

*Michael R. Casper,* for appellee.