*Charles M. Baird,* amicus curiae.

## 56744. MIDLAND GUARDIAN COMPANY v. VARNADORE et al.

SHULMAN, Judge.

Appellant brought suit in Georgia on a promissory note payable in Ohio and secured a default judgment against appellees, the makers of the note. Appellees subsequently filed a motion to set aside the judgment, alleging that the record shows that the judgment was based upon a note containing an acceleration clause violative of the Industrial Loan Act. The trial court agreed, granted the motion, and dismissed the suit. This appeal is from the grant of that motion. For the reasons set out below, we reverse the judgment.

1. The trial court's order was based on a determination that the note was governed by the provisions of the Industrial Loan Act. That determination was incorrect.

The note involved in this case was, by its express terms, payable in Ohio and incorporated by reference the Ohio statute under which the loan was made. It is apparent on the face of the note that the parties intended to be governed by the laws of that state. See Code Ann. § 57-106. Because Ohio law was applicable (see, e.g., *Fitzgerald v. United Va. Bank,* 139 Ga. App. 664 (229 SE2d 138)), the judgment granting the motion to set aside on the grounds that the note contained an acceleration clause violative of the Industrial Loan Act was erroneous.

2. To set aside a judgment under Code Ann. § 81A-160 (d), the movant must show that the motion is "predicated upon some nonamendable defect which does appear upon the face of the record or pleadings," and that "the pleadings . . . affirmatively show that no claim in fact existed." *Cullers v. Home Credit Co.,* 130 Ga. App. 441 (5) (203 SE2d 544).

There is nothing in the record of this case to show that the note is in any way violative of Ohio law. The failure to plead that law does not constitute a nonamenda-

ble defect which is not cured by the judgment. See generally *Rooney v. Southern Building &c. Assn.,* 119 Ga. 941 (7) (47 SE 345). Nor is the presence of the acceleration clause in the note a nonamendable defect. Absent a statute forbidding it, the clause itself is not so repugnant to the laws and public policy of this state that the note will not be enforced in our courts. See, e.g., *Bell v. Loosier,* 140 Ga. App. 393 (231 SE2d 142).

Having failed to demonstrate the existence of a nonamendable defect on the face of the record, appellees were not entitled to have the judgment against them set aside.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

Submitted October 12, 1978 — Decided January 23, 1979.

*John Genins,* for appellant.
*Schreiber, Rozier & Thomas, C. Edwin Rozier, W. Vincent Settle, III,* for appellees.