### 57989. HYMAN v. PLANT IMPROVEMENT COMPANY, INC. et al.

Shulman, Judge.

Plaintiffs-landlord brought suit against defendant-tenant seeking a writ of possession and a money judgment for rent due and owing. No answer was filed by defendant and a default judgment was entered in favor of plaintiffs. Defendant subsequently filed a motion to set aside the judgment, alleging that the judgment was based

in part upon certain portions of the parties' rental agreement which were void as a matter of law. Defendant appeals the trial court's denial of his motion to set aside. We affirm.

1. "To set aside a judgment under Code Ann. § 81A-160 (d), the movant must show that the motion is 'predicated upon some nonamendable defect which does appear upon the face of the record or pleadings,' and that 'the pleadings . . . affirmatively show that no claim in fact existed.' [Cit.]" *Midland Guardian Co. v. Varnadore*, 148 Ga. App. 742 (252 SE2d 685).

There is nothing in the record of this case to show that the liquidated damages provision of the rental contract on its face was violative of Georgia law. See, e.g., *Mayor &c. of Washington v. Potomac Eng. &c. Co.*, 132 Ga. 849 (65 SE 80).

Nor has appellant cited authority to support his contention that the late fees charged by appellees-landlord for the defendant's nonpayment of rent constituted usurious interest as a matter of law. Moreover, since appellant's contention that the late fee charges were a device to cover up usury raises a question of fact for jury resolution (see, e.g., *Virginia-Carolina Chemical Co. v. Provident &c. Assur. Society*, 126 Ga. 50 (6) (54 SE 929)), the issue cannot be said to be a nonamendable defect which is not cured by judgment.

2. Similarly, the court's award of $200 in past due rental is not subject to a motion to set aside for the reason that the demand for such amount was in conflict with the plain terms of the lease agreement. Appellees were awarded $200 as additional rent due for August, 1977, in accordance with the agreement. In the rental agreement, appellant agreed to pay appellees $100 on April 1; May 1; June 1; and July 1; and $50 on August 1, for past due rental. Since $200 of these amounts remained outstanding on August 1, 1977, the court was authorized to award appellees the additional $200, properly due in August, 1977.

"Having failed to demonstrate the existence of a nonamendable defect on the face of the record, [appellant is] not entitled to have the judgment against [him] set aside." *Midland Guardian Co.*, supra, (2).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED MAY 29, 1979 — DECIDED SEPTEMBER 12, 1979 — REHEARING DENIED SEPTEMBER 28, 1979 — 

*Wayne M. Purdom,* for appellant.
*David H. Flint, Michael M. Sheldon,* for appellees.