## 59824. EMERY ENTERPRISES, INC. v. AUTOMATIC FASTNERS DIVISION, ALLIED PRODUCTS CORPORATION.

CARLEY, Judge.

Appellant-defendant appeals from the denial of its motion to set aside a default judgment. The substantive basis of appellant's motion to set aside was that an alleged accident and mistake occurred when appellant's officer signed an acknowledgment of service presented to him by plaintiff-appellee's attorney and thereby waived all further service and notice. Appellant alleges that statements made by plaintiff-appellee's attorney to appellant's officer pertaining to settlement negotiations "lulled" appellant into a sense of complacency and non-action and that appellant was mistaken as to the effect of the waiver.

1. Appellant urges that the trial court erred in failing to make findings of fact and conclusions of law. Code Ann. § 81A-152 (a) provides that findings of fact and conclusions of law are unnecessary on decisions of motions except as provided in Code Ann. § 81A-141 (b) which pertains to motions to dismiss an action or claim. A motion to set aside a default judgment pursuant to Code Ann. § 81A-160 (d) does not come within the ambit of Code Ann. § 81A-152 and, thus, the trial court was not required to enter findings of fact or conclusions of law. *Tingle v. Ga. Power Co.,* 147 Ga. App. 775 (250 SE2d 497) (1978); *Fields v. Fields,* 240 Ga. 173 (240 SE2d 58) (1977).

2. In enumerations 2 and 3, appellant urges that the trial court erred in failing to set aside the default judgment based upon the merits of appellant's contentions. A motion to set aside a judgment under Code Ann. § 81A-160 (d) must be "predicated upon some nonamendable defect which appears on the face of the record or pleadings, or upon lack of jurisdiction." *King v. King,* 242 Ga. 770, 772 (251 SE2d 516) (1979); *Midland Guardian Co. v. Varnadore,* 148 Ga. App. 742 (252 SE2d 685) (1979). Furthermore, "[t]he motion will not be granted where matters upon which it is predicated must be developed by evidence." *Wiley v. Wiley,* 233 Ga. 824, 826 (213 SE2d 682) (1975); *Glenn v. Maddux,* 149 Ga. App. 158 (253 SE2d 835) (1979).

Appellant contends that its officer mistakenly or accidentally signed the waiver of further notice and service. In support of this contention, appellant relies upon facts not appearing on the face of the record or pleadings and which can only be ascertained and developed by going behind the face of the record. This is not allowable. *Restler v. Haas & Dodd Realty Co.,* 142 Ga. App. 318 (235 SE2d 759) (1977); *C. & S. Nat. Bank v. Burden,* 145 Ga. App. 402, 404

(244 SE2d 244) (1978). Thus, appellant failed to establish a nonamendable defect appearing on the face of the record and the trial court properly denied its motion to set aside.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED MAY 12, 1980 — DECIDED JUNE 19, 1980.

*Robert H. Baer,* for appellant.
*Ivan Nathan,* for appellee.