## 61229. HENDRICKS et al. v. HUBERT.

BIRDSONG, Judge.

This is an appeal from the overruling of the defendants-appellants' motion to set aside a judgment. The plaintiff-appellee brought this civil suit in the State Court of Cobb County to recover rent under a lease against the defendants-appellants. When the case came on for trial before a judge without a jury, judgment was entered as follows: ". . . the issues having been duly tried and a decision having been rendered,

"It is Ordered and Adjudged:

"That the Plaintiff O. C. Hubert recover of the Defendants Paul H. Hendricks and Love's Bar B-Q, Inc. [rents, interest, attorney fees and costs]..." The defendants did not appear either personally or by counsel at the call of the case. Code Ann. § 24-3341 authorizes the striking of defendants' answer under such circumstances.

The defendants in their amended motion contended they had defenses to the action and offered excuses as to why their counsel did not appear. In essence the claim is that they failed to demand a jury trial and to appear because of a misunderstanding between two partners in the firm concerning responsibility for handling the case.

The appellants allege the trial court erred in overruling their motion to set aside judgment, and that it was error to enter a judgment against the appellants in favor of the appellee without first striking appellants' pleadings as required by local rules of the State

Court of Cobb County, Georgia and Code Ann. § 24-3341.

1. The judgment is not "void on its face" under the provisions of Code Ann. § 24-3341. *Rakestraw v. Hamby,* 115 Ga. App. 868 (156 SE2d 308); *Johnson v. Cook,* 130 Ga. App. 575 (203 SE2d 882). The appellants, relying on *Sewell v. Leifer,* 144 Ga. App. 36 (240 SE2d 584) and *Reynolds v. ARC Services,* 132 Ga. App. 863 (209 SE2d 653), allege the trial court did not first strike appellants' pleadings without requiring any evidence. In response, the appellee shows that the brief to the trial court opposing the motion to set aside the default judgment, informed the trial court "the motion to strike the defensive pleadings was made by appellee in open court and pursuant to the provisions of Code Ann. § 24-3341 such motion was granted and the defensive pleading was duly struck from the record in open court." A motion made during the trial need not be reduced to writing. *Goforth v. Fogarty Van Lines,* 143 Ga. App. 432 (238 SE2d 768); Code Ann. § 81A-107 (b) (1). The burden is on the appellant to show legal error. *Goforth,* supra. The appellant has submittted no transcript to refute the appellee's assertion and has failed to carry its burden.

2. For the reasons expressed in Division 1, supra, appellants' second enumeration that "it was error to allow appellee to present evidence against appellant without first striking the pleadings of the appellants" is likewise without merit.

3. With reference to the appellants' claim of "excusable neglect" (as a basis for opening default (Code Ann. § 81A-155 (b)), we note that "excusable neglect" does not mean "gross negligence," and default should never be opened for capricious or fanciful reasons. *Early Co. v. Bristol Steel &c. Works,* 131 Ga. App. 775 (206 SE2d 612) (cited in Shulman, *Ga. Prac. & Proc.* 140-141, § 8-9) provides "if a party, on reading a writ, reaches the wrong conclusion and therefore pays no attention to the process and fails to answer, his neglect is inexcusable and gross, and . . . the trial court has no authority to open a default for reasons which fall short of a reasonable excuse for the negligent failure to answer." *Jordan v. Clark,* 119 Ga. App. 18, 19 (165 SE2d 922); *Early Co. v. Bristol,* supra. We find no abuse of the trial judge's discretion in failing to find excusable neglect.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 24, 1981.

*Ted B. Herbert,* for appellants.
*Robert H. Owen,* for appellee.