69527. HARRELL v. BANK OF THE SOUTH, N.A.
(330 SE2d 147)

BIRDSONG, Presiding Judge.

Power of Court to Change a Party by Judgment. This complaint by Mrs. Harrell alleged that in September, 1980, the Harrells (husband and wife) opened a business account at a branch of the Bank of the South, N.A. Apparently marital discord ensued and the parties dissolved the marriage. At an undisclosed time, Mrs. Harrell opened her separate and personal account in the Bank of the South, Clayton

County. For unstated reasons, the principal depositor of the business account, the ex-husband, removed Carol Harrell's name as an authorized signatory, on the South DeKalb Branch account. Mrs. Harrell was not so informed. However after her name was removed, Mrs. Harrell wrote a check on the South DeKalb Branch against the joint account for $5,200 and deposited that sum in her personal account in Bank of the South, Clayton County. When the check was presented to the payor bank (Bank of the South, South DeKalb Branch), the check was refused because it was not drawn by an authorized signatory. The returned check when received by the depository bank, Bank of the South, Clayton County, was charged back to Mrs. Harrell's account.

Mrs. Harrell brought suit, naming Bank of the South, South DeKalb Branch as party defendant. It is now undisputed that Bank of the South, South DeKalb Branch, is not a discrete entity subject to suit, having no independent existence. Nevertheless, Mrs. Harrell persisted in her suit against the non-entity and alleged that the non-entity bank caused her damage by charging back her check to her account. It is incontestable that the bank that charged her account with the $5,200 was the Bank of the South, Clayton County, a wholly separate entity from Bank of the South, N.A., the appellee in this case. Mrs. Harrell also alleged that Bank of the South, South DeKalb Branch, the non-entity, without notice removed her name as an authorized signatory. Thus under the pleadings, Mrs. Harrell alleges that the two wrongful acts (the removal of the signatory authorization and the charge back) were performed by the same "defendant" bank which she alleged to be the non-entity, Bank of the South, South DeKalb Branch.

By means not made clear, the complaint reached the hands of the appellee, Bank of the South, N.A. That bank as its first defense made it clear that Bank of the South, South DeKalb Branch, was a non-entity and that Bank of the South N.A. and Bank of the South, Clayton County were two wholly separate corporate entities. Notwithstanding this answer, Mrs. Harrell never amended her pleadings to show the relationship between the South DeKalb Branch and the main bank, Bank of the South, N.A. Apparently because counsel for appellee were unaware that the action had been called for trial, the appellee Bank of the South N.A. did not appear at trial. Verdict by the jury was found against the non-entity South DeKalb Branch for the $5,200 plus costs. However, after the jury verdict against the named defendant, Bank of the South, South DeKalb Branch, the trial court apparently, on its own motion, amended the verdict and entered judgment against a newly designated defendant, Bank of the South, N.A. Bank of the South successfully moved the trial court to set aside the judgment as an ultra vires amendment of the jury's verdict. It is the grant of that motion that gives rise to this appeal. *Held:*

Mrs. Harrell asks this court to apply what is commonly recognized as the "alter ego" principle. It is her argument that the appellee bank (Bank of the South, N.A.), though never properly identified in the pleadings, was served and answered; therefore, it "has had its day in court." We have no dispute with the alter ego theory. It simply does not apply to the factual situation presented in this case. Its relevance is more apropos to the situation where a sole or controlling officer in a corporation uses its assets personally, or a member of a partnership acts for the partnership, or a person does business under a separate or even fictitious name. In each of these situations, two entities or what purports to be two entities are involved. Logically, inasmuch as the entities are the same and fully exchangeable, the real party in interest is before the court. Specifically, as to a corporation, where the individual and corporation use assets and authority interchangeably, the corporate veil is pierced and the person actually incurring the liability is before the court. Thus, the logic of the alter ego is apparent: suit against one is suit against the other.

However where there are not two discrete entities involved, neither are alter egos involved. Where one of the parties is a corporation, the principles of corporate entity raise the issue that it is a separate and discrete entity. In this case, Mrs. Harrell was placed on notice that her complaint was against a non-entity. While she could have amended her complaint, she chose not to do so. A jury award was returned against the non-entity. Thereafter, the trial court, for undisclosed reasons, apparently reached new findings of fact, a finding not made by the jury, that the party against whom the verdict was found was not a discrete entity and in substance amended the pleadings by substituting appellee, a separate and new corporate entity, as the judgment debtor.

While a court may, in a proper case, mould a verdict so as to correct a mere matter of form, where a verdict has been received and recorded, and the jury dispersed, the trial court may not amend the verdict in a matter of substance, even if it appears that the jurors intended to find liability against the proper party. After dispersal of the jury, the judge has no power either to add to or take from the findings, and has not the power, by amendment or reformation, to supply substantial omissions or make substantial changes in the verdict as rendered by the jury. *Fried v. Fried*, 208 Ga. 861 (3) (69 SE2d 862). Nor can the trial judge accomplish the same result by amending the verdict in a matter of substance by entering a decree different from the verdict of the jury, thereby eliminating substantial findings of the verdict and thus substantially modifying or changing the other findings of the jury. To do so requires the judge to find facts which the jury did not, and thus usurp their peculiar province. *Law v. Coleman*, 173 Ga. 68 (159 SE 679); *Lake v. Hardee*, 57 Ga. 459, 466.

The jury in this case returned a verdict against a non-entity. To apply the rule of alter ego to such a finding as contended by Mrs. Harrell would abrogate the rule of law that furnishes the corporate veil (and judicial separateness) (*Thrift v. Maxwell*, 162 Ga. App. 237, 239 (2) (290 SE2d 301)) and allow a judge to reach findings of fact not made by a jury.

Inasmuch as we have no trial transcript, we must assume that the trial court's action in recognizing his error and in setting aside the judgment entered was based upon good and sufficient reason and affirm its judgment. *Goforth v. Fogarty Van Lines*, 143 Ga. App. 432 (238 SE2d 768). See also *Abbott v. Roach*, 113 Ga. 511 (38 SE 955); *Mayo v. Keaton*, 78 Ga. 125. That is the course we must follow and correspondingly affirm the judgment of the trial court.

*Judgment affirmed. Banke, C. J., Deen, P. J., McMurray, P. J., Carley and Pope, JJ., concur. Benham and Beasley, JJ., dissent. Sognier, J., disqualified.*

BEASLEY, Judge, dissenting.

We granted an interlocutory appeal in order to consider whether the trial court erred in granting defendant's motion to set aside a judgment in favor of plaintiff.

The plaintiff brought this action on a check against *Bank of the South, South DeKalb Branch*. The complaint alleged the defendant Bank of the South had its office and place of doing business at 2594 Candler Road, Decatur, DeKalb County, Georgia; that plaintiff's name was deleted from a joint account without her consent by defendant bank, so that a check she wrote on such account, after being deposited to her individual account, was dishonored and charged back to her individual account by defendant bank; that the defendant bank refuses to honor the check. The plaintiff sought the amount of the check, plus interest, attorney fees and punitive damages.

After service on the branch manager, the defendant/appellee answered the complaint stating that its name was "Bank South, N.A." and for its first defense that "Bank of the South, South DeKalb Branch, is not a discrete legal entity amenable to suit." In its third defense *Bank South, N.A.* admitted jurisdiction but denied it was "a corporation having its office and place of doing business at 2594 Candler Road, Decatur, DeKalb County, Georgia . . ." Instead it alleged that "it is a national banking association organized and existing under the laws of the United States, having its principal office at 55 Marietta Street, Atlanta, Georgia, and operating a branch office at 2594 Candler Road, Decatur, Georgia."

Despite the notice given by defendant's pleadings, the plaintiff did not amend her complaint. The case came on for trial before a jury. Defendant did not appear. No reason is given. The case was sub-

mitted to the jury on plaintiff's evidence, and it returned a verdict for the plaintiff for the principal sum, attorney fees and a portion of the punitive damages sought. The verdict stated it was for plaintiff and did not denominate the defendant but was merely on a form which styled the case in the same manner as the complaint: "Carol G. Harrell, Plaintiff vs. Bank of the South, South DeKalb Branch, Defendant . . ." The trial court entered judgment on the verdict, reciting that it was "in favor of the Plaintiff and against the Defendant. . . ." The judgment was styled by the name defendant insisted in its answer was its proper name. The caption read: "Carol G. Harrell v. Bank of the South, N.A. (Bank South)."

At the following term of court defendant moved to set aside the judgment because it did not conform to the verdict as required by OCGA § 9-12-9. The grant of that motion brought about this appeal.

1. OCGA § 9-12-9 requires a judgment to conform to the verdict. Such provision is not violated by a discrepancy between the verdict and judgment which is immaterial. *Mitchell v. Printup*, 19 Ga. 579 (2) (1856). See *Carter v. Parson*, 230 Ga. 177, 178 (196 SE2d 19) (1973). In *Saulsbury, Respess & Co. v. Blandys*, 65 Ga. 45 (2) (1879) it was stated that since a verdict must be reasonably interpreted "a verdict in favor of plaintiffs for a stipulated amount would be that such finding was against the *defendants who had been made parties to the case, and no others* . . ." (Emphasis supplied.) It has often been stated that a judgment must follow the true meaning and intent of the jury's finding. *King v. Cox*, 130 Ga. App. 91, 93 (5) (202 SE2d 216) (1973); *Taylor v. Taylor*, 212 Ga. 637 (1) (94 SE2d 744) (1956). Here the jury intended to find for the plaintiff and against the only defendant who was actually in the case. That is the party who now appeals; it is not a non-entity.

2. "A motion to set aside a judgment under [OCGA § 9-11-60 (d)] must be 'predicated upon some nonamendable defect which appears on the face of the record or pleadings or upon lack of jurisdiction.'" *Emery Enterprises v. Automatic Fastners Div.*, 155 Ga. App. 24 (2) (270 SE2d 261) (1980). "The motion will not be granted where matters upon which it is predicated must be developed by evidence." *Wiley v. Wiley*, 233 Ga. 824, 826 (2) (213 SE2d 682) (1975).

In *Carroll v. Equico Lessors*, 141 Ga. App. 279 (1) (233 SE2d 255), a defendant appealed from a denial of a motion to set aside a judgment predicated on a claim that the plaintiff was not a legal entity. In affirming we said: "'A corporation conducting business in a trade name may sue or be sued in the trade name.' [Cit.] An affidavit filed by the plaintiff in opposition to the motion to set aside shows that Equico Lessors is a trade name. Code Ann. § 81A-160 (d) [OCGA § 9-11-60 (d)] provides in part that 'A motion to set aside must be predicated upon some nonamendable defect which does appear upon

the face of the record or pleadings, . . .' A misnomer is amendable if it does not result in the substitution or addition of another party. [Cit.] ' "Where the name does not import a legal entity, but in fact it is a corporation, such defect may be cured by an amendment alleging the corporate character. [Cits.]" ' [Cit.] The basis for the motion to set aside filed by the defendants is not within the purview of Code Ann. § 81A-160 (d)."

Even though the motion to set aside was predicated on an alleged violation of OCGA § 9-12-9, the basis for the motion was a misnomer of defendant. Since a misnomer is amendable if it does not result in the substitution or addition of another party, the instant motion to set aside, which must be based on a nonamendable defect, was not well grounded. No new or different party was added when the court, on its own motion, amended the style of the case to conform to allegations asserted in the answer, which answer was filed by this defendant and in which answer Bank South N.A. repeatedly referred to itself as the defendant in the case.[1]

I am authorized to state that Judge Benham joins in this dissent.

DECIDED MARCH 15, 1985 —
REHEARING DENIED MARCH 29, 1985 — 

E. T. Hendon, Jr., for appellant.
James A. MacKay, William B. Gunter, W. Stanley Blackburn, John J. Worley, for appellee.

---

[1] As to court sua sponte amending a case style, see *McKinney v. Schaefer*, 117 Ga. App. 595, 596 (1) (161 SE2d 446) (1968).