## A10A1624. COLLIER v. AMERICAN EXPRESS CENTURION BANK.

(702 SE2d 640)

ANDREWS, Presiding Judge.

On appeal from a default judgment in favor of American Express Centurion Bank concerning his credit card debt, Jerry Collier argues pro se that the trial court erred when it denied his motion to dismiss, when it granted American Express's motion to strike his pleadings, and when it entered the default judgment.[1] We affirm.

The record shows that on July 8, 2009, American Express brought this action to collect a debt on Collier's credit card in the amount of $31,729.62 plus interest and fees. Collier timely answered, including an admission that the account had been closed on August 9, 2006, and moved to dismiss under the two-year statute of limitation stated in OCGA § 9-3-33. The trial court denied the motion to dismiss on the ground that the action was governed by the six-year limitation period concerning written contracts (OCGA § 9-3-24) rather than the two-year period concerning personal injuries (OCGA § 9-3-33).

After two continuances requested by Collier, the case came on for a noticed trial on February 17, 2010, but Collier did not appear or respond to the call of his case. American Express then moved to strike Collier's pleadings under Uniform Superior Court Rule 14.[2] The trial court granted the motion to strike and entered judgment for American Express by default, including interest and costs. Collier has not included a transcript of the hearing in the record on appeal.

1. The trial court did not err when it applied the proper statute of limitation to this contract action and denied Collier's motion to dismiss. See *Phoenix Recovery Group v. Mehta*, 291 Ga. App. 874, 875 (663 SE2d 290) (2008) (reversing trial court's application of four-year statute of limitation to action for credit card debt).

2. On failure of a defendant to appear "and either announce ready or move for a continuance when the case is called on the trial calendar," a trial court may strike the defendant's answer before entering a judgment by default for the plaintiff. *Sewell v. Leifer*, 144 Ga. App. 36, 37 (240 SE2d 584) (1977). Such a judgment "is not a dismissal" such as that authorized by Uniform Superior Court Rule 14, but rather "a judgment like any other judgment that is subject to

---

[1] Collier also notes that the trial court denied his motion to recuse, but does not assert any error concerning that ruling on appeal.

[2] Rule 14 provides in relevant part: "On its own motion or upon motion of the opposite party, the court may dismiss without prejudice any civil action, or where appropriate, any pleading filed on behalf of any party upon the failure to properly respond to the call of the action for trial or other proceeding...."

appeal, motion for new trial, or a motion to set aside under OCGA § 9-11-60." *Kraft, Inc. v. Abad*, 262 Ga. 336, 336-337 (417 SE2d 317) (1992). Specifically, when a trial court grants a plaintiff's motion in open court to strike a non-appearing defendant's pleadings, and where the defendant has submitted no transcript of the hearing, the defendant has failed to show legal error, and the judgment by default must be affirmed. *Hendricks v. Hubert*, 158 Ga. App. 371, 372 (1) (280 SE2d 396) (1981) (affirming denial of motion to set aside a default judgment); *Lewis v. Carscallen*, 274 Ga. App. 711, 714 (3) (618 SE2d 618) (2005) (affirming default judgment where defendant "elected not to appear for trial").

Collier has neither alleged nor shown that he failed to receive notice of the trial. Indeed, in a pleading filed the same day the notice of trial was issued, Collier asked the court to rule immediately. When Collier failed to appear at trial, American Express moved to strike his answer; the trial court expressly struck his answer before granting judgment by default; and no transcript of the hearing has been provided. We also note that Collier has not moved to set aside the judgment. Accordingly, it is affirmed.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED SEPTEMBER 22, 2010 —
RECONSIDERATION DENIED OCTOBER 7, 2010.

Jerry L. Collier, *pro se.*
*Denise D. Arnold, Cecily J. McLeod*, for appellee.