41796.   ROBERT & COMPANY ASSOCIATES v. COVIL et al.

ARGUED FEBRUARY 9, 1966—DECIDED MARCH 8, 1966—
REHEARING DENIED MARCH 29, 1966—

388

*Woodruff, Savell, Lane & Williams, Edward L. Savell, John L. Westmoreland, Sr.,* for appellant.

*Claude E. Hambrick,* for appellee.

BELL, Presiding Judge. To understand the holding here, it is necessary to keep in mind that there were two judgments of this court in the prior appearance of this case. One of the judgments of this court was to *reverse the grant of nonsuit;* the other judgment of this court was to *reverse the overruling of defendant's motion to dismiss* in the nature of general demurrer.

■ The effect of nonsuit is to dismiss the case; it "puts the entire case out of court." *Talbotton R. Co. v. Gibson,* 106 Ga. 229, 237 (32 SE 151) ; *Jones v. Britt,* 75 Ga. App. 142, 146 (42 SE2d 648). The "entire case" includes the petition.

Although reversed by this court, the result of the trial court's grant of nonsuit nevertheless had the effect of dismissing the suits. Therefore there was nothing left pending in the trial court to amend until the cases were formally reinstated there. The trial court's authority to reinstate the cases rested on this court's judgment on the main bill reversing the grant of the nonsuit. However, until the cases were formally reinstated by making this court's judgment on the main bill the judgment of the trial court, the cases remained *out* of the trial court. Thus, in these cases since one set of amendments was offered prior to reinstatement of the cases, those amendments were ineffective and amended nothing, as there was at that time nothing in the trial court to amend.

■ Ordinarily, when the judgment of a trial court overruling a motion to dismiss is reversed by this court, the plaintiff has the right to offer an amendment at any time after the return of the remittitur to the trial court before the judgment of this

court is made the judgment of the trial court, provided there is enough in the petition to amend by. *Copeland v. Carpenter,* 206 Ga. 822 (1) (59 SE2d 245); cf. *Kiser v. Kiser,* 214 Ga. 849 (108 SE2d 265). This rule however, is not applicable here as the cases were put out of court by nonsuit.

If the trial court had not granted the nonsuit, the trial court's judgment denying the motion to dismiss would have left the cases in court. This court's reversal of the trial court's judgment denying dismissal meant only that the petitions would be dismissed when this court's judgment was made the judgment of the trial court *unless* the petitions were amended *prior* to the trial court's entry of this court's judgment on the cross bill as its judgment.

Here, however, the trial court entered in each plaintiff's case two separate judgments on the remittitur, one on the main bill and another on the cross bill, at the same time. This action of the trial court had the twofold effect of (1) reinstating the cases after the erroneous grant of nonsuit and (2) simultaneously dismissing the cases upon defendant's oral motion to dismiss.

As previously explained, (1) the amendments offered prior to the trial court's entry of its judgments on remittitur were nugatory because the grant of nonsuit left nothing in the trial court to amend. It is obvious that (2) the amendments offered after the trial court's entry of its judgments on remittitur were nugatory because the entry of the judgments on remittitur simultaneously reinstating and dismissing the cases *again* put the cases out of the trial court, leaving nothing to amend.

After the judgment of this court reversing the overruling of defendant's motion to dismiss was made the judgment of the trial court, "The right to amend was cut off when the trial court acted upon the remittitur from this court and made the judgment of this court its judgment. The plaintiff was thereby precluded from amending his petition, as that judgment of the trial court put an end to the case, such judgment never having been revoked during the term at which it was entered. *Berrien County Bank v. Alexander,* 154 Ga. 775, 777 (115 SE 648); *Stanley v. Laurens County Board of Education,* 188 Ga. 581,

582 (4 SE2d 164)." *Merck v. Flynn*, 205 Ga. 622 (1) (54 SE2d 649).

A procedure by which the petitions could have been amended and the cases kept alive would have been for the plaintiffs (a) To request the trial court to enter as its judgment *only* the judgment of this court on the main bill reversing the grant of the nonsuit (the cases then would have been reinstated and the petitions made subject to amendment under the rule in *Copeland v. Carpenter*, 206 Ga. 822 (1), supra) ; and (b) To request the trial court to delay the entry of the judgment of this court on the cross bill which reversed the denial by the trial court of the motion to dismiss until after the procedure stated in (a) above had been accomplished and the petitions duly amended.

The trial court erred in denying the defendant's motion to strike plaintiff's amendments and in overruling the defendant's renewed motion to dismiss.

*Judgments reversed. Jordan and Eberhardt, JJ., concur.*