23494. HAGAN et al. v. ROBERT & COMPANY ASSOCIATES.

CANDLER, Presiding Justice. Levy Hagan, Billy Covil and Anthony Adames filed separate but like suits for property damages in the Civil Court of Fulton County against Robert & Company Associates, a corporation. The suits were consolidated for trial and appeal purposes. On the trial and after the plaintiffs had finished introducing evidence, the defendant made an oral motion in the nature of a general demurrer to dismiss each of the petitions on the ground that each failed to allege a cause of action for the relief sought. The defendant at the same time also moved for a nonsuit in each case. On February 4, 1965, the court overruled the motion to dismiss but granted the motion for nonsuit. The plaintiffs by bill of exceptions assigned error on the judgment granting the nonsuit and the defendant by cross bill assigned error on the judgment overruling its motion to dismiss the petitions. The Court of Appeals reversed both judgments. See *Covil v. Robert & Co. Assoc.,* 112 Ga. App. 163 (144 SE2d 450). After the remittitur was transmitted to and filed in the trial court but before it was made the judgment of that court, the plaintiffs offered amendments to their petitions. The defendant objected to the allowance of them on the ground that the judgment granting a nonsuit dismissed the petitions and that such dismissal remained effective until the decision of the Court of Appeals reversing the grant of a nonsuit was filed in the trial court and made the judgment of that court. The amendments were allowed over the objection made thereto and on review of that order the Court of Appeals reversed the trial judge. *Robert & Co. Assoc. v. Covil,* 113 Ga. App. 387 (147 SE2d

825). It held that the cases were not pending in the trial court when the amendments to the petitions were offered and allowed, and for that reason there was nothing pending in the trial court to amend. We granted certiorari to review that judgment. *Held:*

1. The judgment granting a nonsuit dismissed plaintiffs' cases; it put them out of court (*Talbotton Railroad Co. v. Gibson,* 106 Ga. 229, 237 (32 SE 151); *Jones v. Britt,* 75 Ga. App. 142, 146 (42 SE2d 648)), and until they were re-instated in the trial court as pending suits, the petitions were not amendable. Applicants for the writ of certiorari contend and argue that when the Court of Appeals reversed the judgment granting a nonsuit and transmitted its remittitur to the trial court, these cases were thereby re-instated in that court without the necessity of making the remittitur the judgment of the trial court. As authority for this position, they rely on the decisions in *Knox v. State,* 113 Ga. 929 (39 SE 330), and *Byrd v. Prudential Ins. Co.,* 185 Ga. 310 (1) (195 SE 403), which, with one Justice dissenting in each case, hold that the filing of a remittitur from the Supreme Court in the office of the clerk of the trial court immediately re-invested the trial court with jurisdiction over each case for all purposes to which such remittitur related, "though good practice requires that the trial court cause the remittitur to be entered upon its minutes." While the decision in neither of those cases is a controlling precedent, we nevertheless think they announce a correct rule of procedure which should be followed in these cases. All jurisdiction of the Court of Appeals over these cases was at an end after its remittitur was transmitted to and filed in the trial court. *Zorn v. Lamar,* 71 Ga. 85. Before the trial court could take any further action in the cases, it was, of course, essential that it be officially informed of the judgment which the Court of Appeals had rendered. *Code* § 6-1804 prescribes the manner in which a trial court is to be apprised of an appellate court's decision, which is that such decision "shall be certified by the clerk [of the appellate court] to the court below, under the seal of the court." It further declares that, after the decision has been so certified to the trial court, it "shall be respected, and in good faith carried into full effect, by the court below." *Code* § 81-1415 declares: "When any cause shall be sent back for trial to the superior . . .

court by the Supreme Court or Court of Appeals, the same shall be in order for trial. . ." It is certainly safe to say that these cases were "sent back" to the trial court when the remittitur of the Court of Appeals was transmitted to and filed in the office of its clerk. The trial court lost all jurisdiction of these cases when it granted a nonsuit but it was re-invested with jurisdiction when the Court of Appeals reversed that judgment and caused its remittitur to be transmitted to and filed in the clerk's office of the trial court. See in this connection, *Goldsmith v. Georgia R. Co.*, 62 Ga. 542, 544, which is a full bench decision. The filing of a remittitur in these cases by the Court of Appeals served no function except to notify officially the trial court that its judgments had been reversed and that the cases were being sent back to that court for further action. As authority for this, see *Lyon v. Lyon*, 103 Ga. 747 (30 SE 575). We are aware that it has been the general, if not the universal custom of trial courts to enter orders making the judgments of appellate courts the judgments of those courts but there is no statutory requirement to this effect. Here the Court of Appeals reversed a judgment of the trial court granting a nonsuit and when the trial court was officially notified of that reversal, it was the duty of its clerk immediately to redocket the cases for further action including another trial. *Code* § 70-403. That section cannot possibly mean that the remittitur must be made the judgment of the trial court and spread upon its minutes before the clerk of that court proceeds to redocket the cases. On the contrary, it contemplates that the cases shall be immediately entered upon the docket of the trial court, in order that the judge, on reaching the cases in their regular order, can dispose of them by carrying into effect the judgment rendered by the reviewing court. Unless the filing of the remittitur in the office of the trial court operated to restore at once to that court its former jurisdiction over the cases, they ought not to be redocketed when the remittitur was so filed, and the requirement that they be redocketed immediately when the remittitur is entered (that is, filed) conclusively shows that it was the intention of the lawmaking power that the trial court's jurisdiction over the cases should be restored when the mandate of the reviewing court reached it through prescribed procedure. In the *Knox* case, 113 Ga. 929, supra, where the court's opinion was prepared by Presiding Justice Lumpkin, it was said: "If it [the

trial court] did not acquire jurisdiction by the filing of the remittitur in the clerk's office, it was without authority to take any steps in the case, and had no more right to pass an order formally making the judgment of this court its judgment than it had without so doing, to proceed with the trial. In other words, if the filing of the remittitur in the office of the clerk did not operate to re-invest the superior court with jurisdiction to again try the case, it could not have been lawfully docketed, set for a hearing, or called for trial; nor had the court any power to deal with it for any purpose."

A different ruling would have been required had the Court of Appeals affirmed the judgment granting a nonsuit. An affirmance of the nonsuit judgment would have put the case entirely out of court, leaving nothing pending therein to amend. For a like result, see *Central R. & Bkg. Co. v. Patterson*, 87 Ga. 646 (13 SE 525); *Duvall v. Cox*, 217 Ga. 488 (123 SE2d 546).

2. Since the trial court was re-invested with jurisdiction of these cases when the remittitur from the Court of Appeals was filed with its clerk, the petitions were amendable until the remittitur was made the judgment of the trial court (*Copeland v. Carpenter*, 206 Ga. 822 (59 SE2d 245)) and the Court of Appeals erred in holding to the contrary.

*Judgment reversed. All the Justices concur.*

Argued July 13, 1966—Decided September 8, 1966—
Rehearing denied September 22, 1966.

*Claude E. Hambrick*, for appellants.

*Woodruff, Savell, Lane & Williams, Edward L. Savell, John L. Westmoreland, Sr.*, for appellee.