25112. SOUTHERN RAILWAY COMPANY v.
OVERNITE TRANSPORTATION COMPANY.

UNDERCOFLER, Justice. When this case was here previously, we affirmed the judgment of the trial court and held that *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145) is constitutional as against the numerous attacks made on its validity by the demurrers of Southern Railway Co. *Southern R. Co. v. Overnite Transportation Co.,* 223 Ga. 825 (158 SE2d 387). Overnite then filed a motion for summary judgment in the trial court with an affidavit attached. Southern responded to this motion by amending its answer and again asserting that *Code Ann.* § 114-403 is unconstitutional. Southern did not submit any evidence under the facts alleged therein in opposition to the motion for summary judgment. The trial judge granted Overnite's motion for summary judgment and Southern appeals to this court. *Held:*

1. The appellant insists that it is entitled to introduce evidence in support of its amended answer and to show that *Code Ann.* § 114-403 is unconstitutional under the facts alleged therein. In our opinion the constitutional attacks in the instant case raise questions of law only. These were fully considered and decided adversely to appellant in *Southern R. Co. v. Over-*

*nite Transportation Co.,* supra. The appellant cannot re-litigate the rulings of this court by the constitutional questions raised in its amended answer. *Southern Cotton Oil Co. v. Raines,* 171 Ga. 154 (3a) (155 SE 484); *Wilson v. Missouri State Life Ins. Co.,* 184 Ga. 184, 186 (190 SE 552); *Lowe v. City of Atlanta,* 194 Ga. 317 (21 SE2d 171); and *Williams v. O'Connor,* 208 Ga. 801 (69 SE2d 726).

"No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of the case and not certain of its limbs only, that the final judgment takes hold upon. . . He must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war." *Perry v. McLendon,* 62 Ga. 598, 604; *R. O. A. Motors, Inc. v. Taylor,* 220 Ga. 122, 127 (137 SE2d 459).

2. In its enumerations of error the appellant contends that the trial court erred in granting the motion for summary judgment in favor of Overnite Transportation Company in the amount of $4,646.95 for workmen's compensation and medical expenses paid to its employee because the affidavit in support thereof showed that the sum had not been paid by Overnite but had been paid by its insurance carrier Transport Insurance Company.

Appellee contends that under the previous decision of this court the law of the case established that Overnite could recover as employer even though its insurance carrier made the workmen's compensation payments. It also contends that regardless of the law of the case *Code Ann.* § 114-403 authorizes the employer to recover under these circumstances because it is the person "called upon" to pay.

The petition states that Overnite paid the compensation. However, the exhibits attached thereto showing notice to the defendants of such payments state that Overnite and Transport Insurance Company made the payments. The previous decision of this court upon demurrers held that Overnite's ·petition set forth a cause of action under the allegations that *it* had made payment. It did not hold that Overnite could recover for payments made by its insurance carrier.

Furthermore, we find that the provisions of *Code Ann.* § 114-403

giving the right of subrogation for workmen's compensation to the person "called upon to make such payment" means that the person actually making the payment has such right and not merely a person who might have been called upon to make the payment. The insurer as well as the employer is "bound by and subject to awards, judgments, or decrees rendered against such insured employer" under the Workmen's Compensation Act. *Code* § 114-606. It is also required to pay promptly all awards of compensation to the person entitled thereto and the policy is a direct promise by the insurer to the person entitled to compensation. *Code* § 114-607. By these provisions the Act establishes the liability of the workmen's compensation insurance carrier to make payments directly to the claimant and not merely on behalf of the employer. The insurance carrier may be "called upon" to pay as well as the employer. Therefore, the one which actually pays has been "called upon" within the statutory provisions and is the one entitled to subrogation under *Code Ann.* § 114-403. It follows that the affidavit in the instant case, showing that the insurance carrier had paid all of the award, failed to support the allegations of the petition that the employer had paid, and the court erred in granting the motion for summary judgment.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 16, 1969—DECIDED MAY 8, 1969—
REHEARING DENIED MAY 22, 1969.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr.,* for appellant.

*Baxter L. Davis, Nall, Miller, Cadenhead & Dennis, Gerald A. Friedlander,* for appellee.