48387, 48388. PINKERTON & LAWS COMPANY v. ROBERT & COMPANY ASSOCIATES et al.; and vice versa.

HALL, Presiding Judge. This case comes before us yet again, after a laborious trek through this and other courts as reflected in the following decisions: *Covil v. Robert & Co. Associates,* 112 Ga. App. 163 (144 SE2d 450) (1965); *Robert & Co. Associates v. Covil,* 113 Ga. App. 387 (147 SE2d 825) (1966), rev'd on cert. to the Court

of Appeals, *Hagan v. Robert & Co. Associates,* 222 Ga. 469 (150 SE2d 663) (1966); *Robert & Co. Associates v. Pinkerton & Laws Co.,* 120 Ga. App. 29 (169 SE2d 360) (1969); *Robert & Co. Associates v. Pinkerton & Laws Co.,* 124 Ga. App. 309 (183 SE2d 628) (1971).

The decision in 120 Ga. App. 29 sets forth our 1969 determination of the claim stated by Robert & Co. against Pinkerton and reviews the pertinent background of the litigation which will not be repeated here. Subsequently the case went to trial. Pinkerton now appeals from the decision of the trial court which, sitting without a jury, awarded recovery to Robert & Co. on an indemnity agreement. Robert & Co. brings a cross appeal from the trial court's order refusing to award attorney fees to Robert & Co. for Pinkerton's stubborn litigiousness. On oral argument, however, counsel withdrew the claim for attorney fees, and now presses only the motion heretofore filed for ten percent damages on the ground that Pinkerton's appeal is taken for delay only.

1. Pinkerton alleges error in the trial court's overruling its motion for judgment made on the ground that (a) the indemnity agreement here sued on was contrary to public policy as a contract of adhesion and should not be enforced, and that (b) the fact that Robert & Co. obtained insurance against liability for negligence shows the intent of the parties to the indemnity agreement that Robert & Co. was not intended to be indemnified against liability for its own negligent acts.

It is sufficient to answer subpart (a) to note that all the circumstances regarding the relative bargaining positions of the parties to the indemnity agreement were known to Pinkerton before either of the two prior appeals reflected in Volumes 120 and 124 of this court's decisions. The appeal in Volume 124, though taken by Robert & Co., dealt with Pinkerton's public policy attack on the indemnity agreement on another ground. Pinkerton could have pressed the instant point on its motion below and in the prior appeal even though it was the *appellee,* as an added reason for the claimed invalidity of the indemnity agreement, and it did not; and therefore it is barred from doing so now. *R. O. A. Motors, Inc. v. Taylor,* 220 Ga. 122 (137 SE2d 459). "No party, *plaintiff or defendant,* is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. . . He must discharge all his weapons, and not reserve a part of them for use in a future rencounter [sic].

He must realize that one defeat will not only terminate the campaign, but end the war." (Emphasis supplied.) *Perry v. McLendon,* 62 Ga. 598, 604, quoted in *Southern R. Co. v. Overnite Transportation Co.,* 225 Ga. 291, 292 (168 SE2d 166).

The law of the case, Code Ann. § 81A-160 (h), as established in 120 Ga. App. 29, decides subpart (b) against Pinkerton. This court clearly held at p. 32 that "it *was* the intention of the parties that Pinkerton should indemnify Robert & Co. Associates irrespective of whether any claim arose by reason of the negligence of Robert & Company Associates, or for other reasons." (Emphasis supplied.) The intention of the parties on the point Pinkerton seeks to press has been decided, and this enumeration of error is without merit.

2. Pinkerton alleges that the trial court erred in admitting opinion testimony by three attorneys involved on both sides of the litigation on the issue of the "legal liability" of Robert & Co. to the initial plaintiffs, the homeowners whose property suffered water damage traceable to the construction project.

Pinkerton takes the position that Georgia law requires that Robert & Co. prove its own negligence by expert architectural or engineering testimony, and that the record shows an absence of such proof. Pinkerton founds its position, however, on the inappropriate premise that negligence is the key to this lawsuit. It is not. The portion quoted above from this court's opinion beginning at 120 Ga. App. 29 established as the law of the case that the applicability of the indemnity agreement was not limited to Robert & Co's. negligent acts. What was required to entitle Robert & Co. to recover under the indemnity was that it be "defending actions having a probable basis on which to establish legal liability" 120 Ga. App. at page 33, in light of the earlier pronouncement that this liability might arise "by reason of . . . negligence . . . or for other reasons." *Id.* at 32.

Because it was not required that negligence be shown, there was no necessary requirement for expert testimony from architects and engineers. Therefore, there was no failure of proof because of the absence of such testimony. Nor was it error to admit the testimony of the three lawyers on the subject of liability. "The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." Code § 38-1710. The question whether a purported expert shall be allowed to testify as such is within the sound discretion of the trial court,

and such discretion, unless abused, will not be interfered with. *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830). When this court had already ruled that the liability of Pinkerton to Robert & Co. would exist by virtue of Robert & Co's. negligent acts or for other reasons, we see no abuse of discretion in the trial judge's permitting this testimony from attorneys on both sides of the original suits concerning their estimates of Robert & Co's. potential legal liability, particularly in light of the fact that the second trial by plaintiffs met with a hung jury.

3. Pinkerton next enumerates as error the trial court's overruling its motion for judgment made on the ground that the plans and specifications of Robert & Co. were prepared prior to Pinkerton's executing the indemnity agreement and therefore the contract does not cover such pre-existing acts.

There was evidence at the trial of the property damage cases by the initial plaintiffs tending to show that Pinkerton in its *construction* of the project should have braced the joint which later burst causing the flooding, both because of contract language to that effect and because such bracing was required by custom. Additionally, this court noted in 112 Ga. App. at p. 165 that representatives of Pinkerton as well as of Robert & Co. failed to discover the lack of bracing on the joint on a final inspection. Because there was evidence of Pinkerton's direct participation in creating the cause of the flooding, and because the flooding was an "injury or damage of any kind resulting from this work, to persons or property," and because it arose from an "act or omission of the contractor . . ." (even though it may also have arisen from an act or omission by Robert & Co.) it is plainly covered by the indemnity agreement regardless of the fact that the drawing pre-dated Pinkerton's signing the contract. This was the finding of the court below and since it is not clearly erroneous it will not be disturbed on appeal. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154).

4. Pinkerton alleges error in the trial court's admitting over objection testimony by Robert & Co's. counsel to the effect that Robert's failure to inspect and discover the absence of bracing had been an issue in the second trial and provided another basis of legal liability. Pinkerton objects that such testimony injected an issue which was not raised by the pleadings, and amendment of Robert's pleadings was never made as allowed by Code Ann. § 81A-115 (b).

In *Covil v. Robert & Co. Associates,* 112 Ga. App. 163, 165, supra,

we wrote that the evidence at the *Covil* trial included evidence that Robert & Co. and others had made final inspection and failed to discover the defect. In the instant action, Robert & Co. amended its pleadings to include an allegation that it was legally liable to the property owners "under the decision of Covil v. Robert & Company Associates. . . " We think the question of Robert & Co's. failure to discover the lack of bracing is fairly comprehended by the pleadings.

5. The final enumeration complains of the trial court's failure to grant judgment for Pinkerton on the ground that Robert & Co. had completely failed to prove that it had itself been negligent as to the original plaintiffs. Pinkerton urges that "in order to recover in this case, the plaintiff [Robert & Company] was required to show that it had been negligent." This contention has been fully answered in an earlier division of this opinion, in which we ruled that our decision at 120 Ga. App. 29 in no way requires Robert & Co. to show its own negligence as prerequisite to claiming the benefit of the indemnity agreement. Moreover, as to the original plaintiffs, Robert & Co. does not have to show that it was actually negligent so long as it shows that there was good reason to anticipate a jury verdict against it. The court below found as a fact that a probable basis for legal liability of Robert & Co. existed at the time of settlement, and this finding, being supported by the record, will not be disturbed on appeal.

6. That leaves for our consideration only the demand of Robert & Co. for the award of 10 percent damages under Code § 6-1801 for Pinkerton's having taken this appeal for delay only. As the foregoing sections of the opinion indicate, the enumerations of error are all refuted by study of the record and the previous opinions of this court in this litigation. There is no new issue presented, though Pinkerton does attempt to raise a number of issues raised on earlier appeals, or barred here because they could have been so raised.

There was no valid reason to anticipate reversal of the judgment below, and for this reason we must conclude that the appeal was brought for delay only. *Napier v. Napier,* 119 Ga. App. 143 (166 SE2d 583); *Rahal v. Titus,* 110 Ga. App. 122 (138 SE2d 68). Where an appeal is brought on issues on which the law of the case has been settled by previous decisions of the courts (*Southern R. Co. v. Hooper,* 110 Ga. 779 (36 SE 232); *Brown v. Brown,* 51 Ga. 554; *The Eagle Manufacturing Co. v. Wise,* 48 Ga. 630)), or where the grounds for review were incorporated in, or by the exercise of

ordinary diligence could have been and were not incorporated in a prior writ of error (*Rahal v. Titus, supra*), the grant of damages to appellee under Code § 6-1801 is particularly appropriate. The court finds that Pinkerton has sought to delay the payment of a money judgment against it by bringing a non-meritorious appeal, justifying the award of 10 percent damages under Code § 6-1801.

*Judgment affirmed with damages. Clark, J., concurs. Evans, J., concurs in Divisions 1, 3, 4, 5, 6 and in the judgment.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 14, 1973 — REHEARING DENIED OCTOBER 11, 1973 — ▮▮▮▮▮▮

*Swift, Currie, McGhee & Hiers, George W. Hart,* for appellant.
*Savell, Williams, Cox & Angel, Edward L. Savell, William S. Goodman,* for appellees.