## 48903. POPPELL v. O'QUINN.

Deen, Judge.

This is a suit on a note executed pursuant to the final decree in a divorce action between these parties which stated: "The defendant is hereby ordered to pay alimony to the wife as follows: The defendant shall execute a promissory note in the amount of $1,000 — together with interest at eight per cent per annum due and payable two years from this date, namely, May 22, 1972." Plaintiff moved for and was granted a motion for summary judgment, and the defendant appeals. *Held:*

It is not a valid objection to the award of alimony that the husband has no "estate" out of which it can be paid. *Lundy v. Lundy,* 162 Ga. 42 (132 SE 389). The award may be "from the corpus of the estate or otherwise." Code Ann. § 30-209. Nor is it an objection that the payment is

to be made at a future time; otherwise there would be no continuing liability for future sums. This note was executed pursuant to a court order as to which no appeal was taken; it cannot be attacked either for failure of consideration or on the ground that it was an antecedent liability until such judgment is set aside.

The grant of summary judgment to the appellee was proper. The request for damages for frivolous appeal is denied.

*Judgment affirmed. Eberhardt, P. J., Pannell, Quillian and Clark, JJ., concur. Bell, C. J., Hall, P. J., Evans and Stolz, JJ., concur in part and dissent in part.*

Argued January 16, 1974 — Decided March 8, 1974.

*Albert E. Butler,* for appellant.
*John D. Mattox, R. L. O'Brien, Jr.,* for appellee.

Stolz, Judge, concurring in part and dissenting in part.

I concur in the majority opinion affirming the grant of the appellee's motion for summary judgment. I respectfully dissent from the denial of the appellee's request for damages for a frivolous appeal.

The litigation before us is a simple suit on a note. The sole defense offered by the defendant is lack of consideration. The defendant did not present any evidence in opposition to the plaintiff's motion for summary judgment. In support of the motion for summary judgment, the plaintiff conclusively proved that she took the note for value as security for her antecedent claim against the defendant for alimony pursuant to a judgment and decree of divorce entered in the Superior Court of Wayne County in litigation between the parties. No appeal was made from that judgment and no attack has been made thereon. The thrust of the defendant's brief is to attack the judgment rendered in the divorce action. This does not show lack of consideration (the only defense contained in the defendant's answer) to the present action.

There was no valid reason to anticipate reversal of

the judgment below. The appeal was brought on issues which could have been raised only in the prior divorce suit between the parties. *Pinkerton & Laws Co. v. Robert & Co.,* 129 Ga. App. 881, 885 (6) (201 SE2d 654) and cits. I must therefore conclude that the appeal was brought for delay purposes only and would assess the ten percent penalty authorized by Code § 6-1801.

I am authorized to state that Bell, C. J., Hall, P. J., and Evans, J., concur in this dissent.