## 59086. COCHRAN v. COCHRAN.

Sognier, Judge.

Appellee instituted a garnishment proceeding in the Superior Court of Burke County against appellant to attempt to collect $3,395 in unpaid child support. Appellant filed a traverse of the garnishment. After a hearing on the matter, the trial court entered an order denying appellant's traverse.

Appellant contends that the trial court erred in failing to make findings of fact and conclusions of law in denying his traverse to the appellee's garnishment. We agree.

Code Ann. § 81A-152 (a) states that in any actions in superior court tried upon facts without a jury, the court shall find the facts specially and state separately its conclusions of law, unless the parties waive this requirement in writing. This court and the Supreme Court of Georgia have held that this requirement is mandatory. *Fred R. Surface & Assoc. v. Worozbyt,* 148 Ga. App. 639 (252 SE2d 67) (1979); *Doyal Development Co. v. Blair,* 234 Ga. 261

(215 SE2d 471) (1975). The only statutory exceptions to this provision are uncontested cases involving divorce, alimony and the custody of minors. Code Ann. § 81A-152 (a). This is not such a case.

Since the requisite findings of fact and conclusions of law in this case were neither made nor waived, the case is remanded to the trial court with direction that the trial judge vacate the judgment and make appropriate findings of fact and conclusions of law, and enter a new judgment thereon. Thereafter, the losing party shall be free to enter another appeal if he or she should wish to do so. *Carroll v. AFCO Credit Corp.,* 143 Ga. App. 264 (238 SE2d 264) (1977); *Medical Personnel Pool v. Middlebrooks,* 133 Ga. App. 148, 149 (210 SE2d 372) (1974).

Appellee's motion for award of damages for delay is denied.

*Judgment remanded with direction. Deen, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 10, 1980 — DECIDED APRIL 11, 1980.

*Jerry M. Daniel,* for appellant.
*Bruce M. Hofstadter,* for appellee.