## 62758. SMITH v. MACK.

POPE, Judge.
Appellant brings this appeal from the entry of a dispossessory warrant against him by the State Court of DeKalb County. Appellant enumerates as error the trial court's failure to make findings of fact and conclusions of law in accordance with the Civil Practice Act, Code Ann. § 81A-152 (a). Appellant also enumerates as error the trial court's failure "to find sufficient facts to support a striking of [his] answer and to the granting of a judgment by default as required by [Code Ann. § 81A-152]."

The record shows that appellant filed an answer and counterclaim in response to appellee's petition for a dispossessory warrant. Therefore, appellant was entitled to a trial of the issues "in accordance with procedure prescribed for civil actions in courts of record." Code Ann. § 61-303. The State Court of DeKalb County is a court of record and its practice and procedure is controlled by the Civil Practice Act. *Electro-Kinetics Corp. v. Wilson,* 122 Ga. App. 171 (1) (176 SE2d 604) (1970). Since the record discloses no demand by either party for trial by jury, this matter was apparently disposed of by the court without the intervention of a jury. See Ga. L. 1951, pp. 2401, 2405. In such cases the Civil Practice Act requires that the trial court "set forth the findings of fact and conclusions of law which constitute the grounds of its action." Code Ann. § 81A-152 (a). Our review of the record discloses that such findings of fact and conclusions of law were neither made nor waived in this case. The usual procedure under these circumstances would be to remand this case with direction that the trial court vacate the judgment and prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party would be free to enter a new appeal. See *Bob Bennett Enterprises v. Trust Co. Bank,* 153 Ga. App. 344 (265 SE2d 311)

(1980). However, for the reasons set forth below, the judgment of the trial court in this case is affirmed.

Appellee asserts in his brief on appeal that the trial court struck appellant's defensive pleadings on appellee's motion made pursuant to Code Ann. § 24-3341, which provides: "When a case is sounded for trial, the parties shall immediately announce ready, or move to continue; if three minutes should elapse before the announcement or motion to continue, the plaintiff's case will be dismissed, or the defendant's answer stricken."[1] The motion was apparently made orally to the trial court[2] after appellant failed to respond to the call of the case for trial and after appellant had requested a continuance at each of the two previous calls of the case for trial. While the record in this case does not disclose that appellant's pleadings have been stricken, appellant admits on appeal that the judgment entered against him was by default. Under this circumstance, compliance with Code Ann. § 81A-152 is not required. *Galanti v. Emerald City Records,* 144 Ga. App. 773 (3) (242 SE2d 368) (1978). Moreover, the burden is on appellant to show legal error. *Goforth v. Fogarty Van Lines,* 143 Ga. App. 432 (238 SE2d 768) (1977). Since appellant has submitted no transcript to refute appellee's assertions, he has failed to carry this burden. *Hendricks v. Hubert,* 158 Ga. App. 371 (1) (280 SE2d 396) (1981).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 27, 1982.

Jimmy Smith, *pro se.*
B. J. Roberts, for appellee.

---

[1] This rule of the superior courts is also applicable to the State Court of DeKalb County. Code Ann. § 24-2107a.

[2] Such a motion need not be reduced to writing. *Easterling v. Easterling,* 231 Ga. 889 (1) (204 SE2d 610) (1974); Code Ann. § 81A-107 (b)(1). Nevertheless, in order to facilitate the review of this matter on appeal, the better practice in this case would have been for either the trial court or appellee, as the party who obtained the judgment, to have included for the record a brief, written explanation of what had transpired at the trial of this case.