### 65106. BROUSSARD v. WILLIAMS et al.

DEEN, Presiding Judge.

In June of 1982 appellant Carolyn Broussard, defendant below, received tacked service of a summons and writ of dispossession based upon an alleged failure to pay past-due rent on premises owned by appellees, Mr. and Mrs. Williams, and occupied by appellant. Ms. Broussard filed in the State Court of Fulton County a timely answer and counterclaim, denying the allegations in the Williams' affidavit and seeking money damages, costs, and attorney fees. The case was heard by the court sitting without a jury, with no reporter present. The order of the court granted the writ of dispossession and directed that plaintiffs recover of Ms. Broussard the sums allegedly due. The record filed with this appeal indicates that the court made no written findings of fact and conclusions of law, as required by Ga. Code Ann. § 81A-152 (OCGA § 9-11-52). Appellant enumerates as error the trial court's failure to make the required written findings. *Held:*

Other than for certain narrow statutory exceptions not relevant to this case, the preparation of written findings of fact and conclusions of law is mandatory in all superior court cases tried

without a jury, unless the parties waive this requirement in writing. *Cochran v. Cochran,* 154 Ga. App. 326 (2) (268 SE2d 728) (1980); see also *Doyal Dev. Co. v. Blair,* 234 Ga. 261 (215 SE2d 471) (1975); *Fred R. Surface & Assoc. v. Worozbyt,* 148 Ga. App. 639 (252 SE2d 67) (1979). The trial court is required to "ascertain the facts and . . . state not only the end result of [its] inquiry but the process by which it was reached." *Beasley v. Jones,* 149 Ga. App. 317, 319 (254 SE2d 472) (1979); *PSI Pneumatic Structures, Inc. v. C. & S. Newnan Bank,* 159 Ga. App. 766 (285 SE2d 576) (1981). The practice and procedure of all courts of record in Georgia, including the state courts of the respective counties, is controlled by the Civil Practice Act, Code Title 81A, and therefore the requirement of written findings of fact and conclusions of law is applicable to the State Court of Fulton County. *Smith v. Mack,* 161 Ga. App. 95 (289 SE2d 299) (1982); *Electro-Kinetics Corp. v. Wilson,* 122 Ga. App. 171 (1) (176 SE2d 604) (1970).

There is no evidence that this requirement was waived in this case. In these circumstances this court, under the mandatory language of the statute, must vacate the judgment of the trial court and remand the case for preparation of written findings of fact and conclusions of law as to all material issues. *High Point Sprinkler Co. v. George Hyman Constr. Co.,* 160 Ga. App. 192 (286 SE2d 763) (1981); *Dorsey v. West,* 156 Ga. App. 142 (273 SE2d 922) (1980).

*Remanded with directions. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 24, 1982.

*Leroy Baldwin,* for appellant.