66077. C & H COURIERS, INC. v. AMERICAN MUTUAL
INSURANCE COMPANY.

BIRDSONG, Judge.

This appeal arises from a judgment in favor of plaintiff/appellee in this action to recover premiums allegedly due on a policy of workers' compensation insurance. The action was tried before the trial judge sitting without a jury.

1. Appellant's first enumeration of error argues that the trial court failed to make the required findings of fact and conclusions of law. OCGA § 9-11-52 (a) (Code Ann. § 81A-152). We agree. The trial court entered on the record a document, prepared by counsel for appellee, entitled "Order and Judgment," which purportedly contained "Findings of Fact and Conclusions of Law." The order contains four "findings": (1) that there was a contract of workers' compensation insurance between the parties; (2) that appellee had the right to audit the books of appellant and adjust premiums; (3) that certain drivers and operators of leased vehicles were employees of appellant; and (4) that appellee is entitled to recover the premiums sought in this action. It is clear that these "findings" are nothing more than the court's conclusions as to the matters in issue in the case. The order contains no factual findings, based upon the evidence, supporting these conclusions. "[F]indings of fact and conclusions of law required by [OCGA § 9-11-52 (9)], supra, are mandatory, and a dry recitation that certain legal requirements have been met is insufficient to satisfy the requirements of the law. The trial judge is to ascertain the facts and to state not only the end result of that inquiry but the process by which it was reached." *Beasley v. Jones,* 149 Ga. App. 317 (1) (254 SE2d 472). "Findings of fact" are insufficient when they merely state the court's answers to the material issues in the case, and when they contain no facts based on the evidence supporting those answers. See *PSI Pneumatic Structures v. Citizens &c. Bank,* 159 Ga. App. 766 (285 SE2d 576).

2. Because the trial court's order contains no recitation of the facts it found to support its conclusions, "this case does not fall within the vacillating exception regarding the mandatory aspects of the requirements of [OCGA § 9-11-52] as espoused by our Supreme Court... in *Paxton v. Trust Co. Bank,* 245 Ga. 834 (1) (268 SE2d 154), holding that a substantial compliance with the Code Section was sufficient." *Smith v. Public Storage,* 163 Ga. App. 455 (294 SE2d 685).

3. Since the trial court failed to make the required findings and since that requirement was not waived, "the appeal is remanded with direction that the trial judge vacate the judgment, prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party shall be free to enter another appeal if [it] should wish to do so." *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154).

*Appeal remanded with direction. Shulman, C. J., and Mc-Murray, P. J., concur.*

DECIDED JUNE 8, 1983.

*James L. Flemister, Noah J. Stone,* for appellant.
*Hoke Smith III, Thomas F. Bell, Joseph J. Gigliotti,* for appellee.