## 67548. MARSH v. WAY.

McMURRAY, Chief Judge.

Plaintiff filed his complaint in this wrongful death action on December 3, 1982. Defendant was served on the same date. Defendant failed to file an answer. The case having become in default and 15 days having elapsed after the date of default, the issue of damages was tried before the trial court without a jury. Judgment in favor of the plaintiff for $255,000 with interest and costs was filed on March 25, 1983. On April 25, 1983, defendant filed her motion for new trial, or, in the alternative, motion to set aside the judgment, or, motion for relief from judgment. In support of her motion on alternative grounds defendant filed affidavits in regard to the circumstances resulting in her default. Defendant appeals from the denial of all of her alternative motions. *Held:*

"Other than for certain narrow statutory exceptions not relevant to this case, the preparation of written findings of fact and conclusions of law is mandatory in all superior court cases tried without a jury, unless the parties waive this requirement in writing. *Cochran v. Cochran*, 154 Ga. App. 326 (2) (268 SE2d 728) (1980); see also *Doyal Dev. Co. v. Blair*, 234 Ga. 261 (215 SE2d 471) (1975); *Fred R. Surface & Assoc. v. Worozbyt*, 148 Ga. App. 639 (252 SE2d 67) (1979). The trial court is required to 'ascertain the facts and . . . state not only the end result of (its) inquiry but the process by which it was reached.' *Beasley v. Jones*, 149 Ga. App. 317, 319 (254 SE2d 472) (1979); *PSI Pneumatic Structures, Inc. v. C. & S. Newnan Bank*, 159 Ga. App. 766 (285 SE2d 576) (1981). . . There is no evidence that this requirement was waived in this case. In these circumstances this court, under the mandatory language of the statute, must vacate the judgment of the trial court and remand the case for preparation of written findings of fact and conclusions of law as to all material issues. *High Point Sprinkler Co. v. George Hyman Constr. Co.*, 160 Ga. App. 192 (286 SE2d 763) (1981); *Dorsey v. West*, 156 Ga. App. 142

(273 SE2d 922) (1980)." *Broussard v. Williams*, 164 Ga. App. 545 (298 SE2d 269). See also *C & H Couriers v. American Mut. Ins. Co.,* 166 Ga. App. 853, 854 (3) (305 SE2d 500).

Plaintiff incorrectly relies upon such cases as *Smith v. Mack*, 161 Ga. App. 95, 96 (289 SE2d 299), and *Galanti v. Emerald City Records*, 144 Ga. App. 773, 774 (3) (242 SE2d 368), for the proposition that OCGA § 9-11-52 (a) (formerly Code Ann. § 81A-152 (a)) is inapplicable. These cases are predicated on that portion of OCGA § 9-11-52 (a) (Code Ann. § 81A-152 (a)) which provides that: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Code Section 9-11-12 [formerly Code Ann. § 81A-112] or 9-11-56 [formerly Code Ann. § 81A-156] or *any other motion* except as provided in subsection (b) of Code Section 9-11-41 [formerly Code Ann. § 81A-141 (b)]." (Emphasis supplied.) See also *Henry v. Adair Realty Co.,* 141 Ga. App. 182, 183-184 (2) (233 SE2d 39).

The case sub judice is an action ex delicto so that pursuant to the provisions of OCGA § 9-11-55 (a) (formerly Code Ann. § 81A-155 (a)) the judgment of the trial court follows and is predicated in part upon an evidentiary hearing. An order of the trial court following an evidentiary hearing is more than a decision of a motion as contemplated by the exception in OCGA § 9-11-52 (a) (Code Ann. § 81A-152 (a)) and is subject to the requirement of findings of fact and conclusions of law. *Bob Bennett Enterprises v. Trust Co. Bank*, 153 Ga. App. 344 (265 SE2d 311).

"Since the trial court failed to make the required findings and since that requirement was not waived, 'the appeal is remanded with direction that the trial judge vacate the judgment, prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party shall be free to enter another appeal if [it] should wish to do so.' *Spivey v. Mayson*, 124 Ga. App. 775, 777 (186 SE2d 154)." *C & H Couriers v. American Mut. Ins. Co.,* 166 Ga. App. 853, 854 (3), supra.

*Appeal remanded with direction. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1984.

*Richard A. Brown, Jr., John E. Bumgartner*, for appellant.
*Orion L. Douglas*, for appellee.