## 69400. MARSH v. WAY.
### (326 SE2d 499)

DEEN, Presiding Judge.

On a rainy October night in 1982, appellant Jacquelyn Marsh was proceeding, apparently at a moderate speed, along a Camden County, Georgia, two-lane highway when her headlights revealed, only a few feet ahead, a female walking in the middle of Marsh's lane with her back to Marsh's automobile. Although Ms. Marsh applied the brakes immediately, her vehicle struck the pedestrian and killed her instantly. An eyewitness testified that the collision was unavoidable, and investigating officers did not charge Ms. Marsh. The victim's husband, appellee Way, brought a wrongful death action.

Ms. Marsh had reported the accident to her insurer, Leader National Insurance Co., on the day after its occurrence, and she was contacted shortly thereafter by a representative of Crawford & Co., the independent insurance adjusting firm retained by Leader. Ms. Marsh remained in regular telephone contact with the adjuster and, upon being served with the compliant and summons, promptly forwarded them to him by certified mail. He, in turn, was in regular contact, by telephone and letter, with the Leader employee to whom the case had been assigned and, after a telephone conference with the latter, mailed the complaint and summons to him for referral to the insurer's attorney. When no timely answer was filed, appellee's attorney got in touch with the adjuster, who in turn called the Leader employee in charge of the case and was assured that the handling of the cases was proceeding properly. The case went into default, and default judgment was entered in favor of appellee for $255,000 in damages.

Marsh filed a motion for a new trial or, in the alternative, motion to set aside the judgment or motion for relief from judgment, filing with the alternative motions affidavits asserting appellant's non-liability in the accident and her compliance with all the terms of her contract of insurance. The motions were denied, and Marsh appealed to this court, which remanded the case for the preparation of findings of fact and conclusions of law pursuant to OCGA § 9-11-52. *Marsh v. Way*, 170 Ga. App. 300 (316 SE2d 599) (1984). On March 22, after this court had ordered a remand, Marsh filed a motion to open the default. The trial court complied with this court's direction and, after denying appellant's motion to open the default, again entered judgment for appellee.

Marsh now appeals once more, alleging her compliance with the terms of her insurance contract and her reliance on the insurer to defend her, and further alleging that a disgruntled employee of Leader, who during the three-and-one-half-month period between the filing of the suit and the rendering of the default judgment was informed by his employer that he was being terminated, had failed to notify Leader's attorney of the suit and had willfully concealed the file from company officials. Marsh enumerates as error the trial court's denial of her motions to open default and for new trial, and for setting aside the judgment or relief from judgment; the court's entry of a judgment allegedly unsupported by evidence and allegedly including non-recoverable items of damages; and the court's failure to exercise its discretion in promoting the ends of justice. *Held*:

1. The record reveals that, contrary to appellant's allegations, the judgment of the trial court is supported by evidence adduced by appellee and includes no non-recoverable items of damages. OCGA § 9-11-56 (a). Appellant's fifth and sixth enumerations are without merit.

2. The statute governing the opening of a default is OCGA § 9-11-55 (b), which provides as follows: "At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened . . . In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial."

The statute sets forth certain requirements, both procedural and substantive, which must be met before the court has discretion to open the default. In *Sears, Roebuck & Co. v. Ramey*, 170 Ga. App. 873 (318 SE2d 740) (1984), a case recently decided by this court, the facts are strikingly similar to those of the case at bar. We held in *Ramey* that appellant had justifiably relied on its indemnitor's in-

surer to fulfill its contractual obligation to defend the suit. The court held, at 874, that this reliance constituted excusable negligence on Sears' part and that, all the statutory provisions (i.e., paying costs, making a showing under oath, offering to plead instanter, and announcing ready to proceed) for opening default having been complied with, the trial court abused its discretion in refusing to open the default. Accord *American Erectors v. Hanie*, 157 Ga. App. 687 (278 SE2d 196) (1981); *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754 (240 SE2d 136) (1977). Examination of the record in the instant case discloses that appellant fully complied with the statute's procedural requirements. The record further indicates that appellant also fulfilled such substantive requirements as making "a proper case" and showing "a meritorious defense" and "excusable neglect," as those terms are construed by *Ramey* and the cases on which it relies.

There is one significant — even crucial — distinction, however, between the cases cited supra and the case *sub judice*; namely, that all those cases involved the opening of a default prior to entry of final judgment, whereas in the instant case appellant seeks to have the default opened *after* final judgment had been entered. At first blush, under the statutory provisions and established procedural rules, this would seem impossible — or, at the very least, it would seem that, when (as in the instant case) the motion to open default was filed after the entry of a default judgment, a motion to open default is not the proper vehicle whereby such a result should be sought. See OCGA § 9-11-60.

Appellant contends, however, that this court's order that the judgment below be vacated preliminary to the preparation of findings and conclusions and entry of a new judgment has the immediate effect of making the original judgment a nullity and thereby, under the statute's terms (the default may be opened "at any time before final judgment"), rendering timely the filing of the motion to open default. If appellant's reasoning is correct, then the remand brings the case within the statute's ambit, and it is proper for this court to consider whether, in the given fact situation, the trial court should have exercised its discretion to open the default.

In *Hagan v. Robert & Co. Assoc.*, 222 Ga. 469 (150 SE2d 663) (1966), however, the Supreme Court made it clear that the date on which the trial court is re-invested with jurisdiction of a case upon remand from the appellate court is the date of the actual filing of the remittitur in the trial court rather than (as appellant contends) the date on which this court orders that the remittitur be transmitted. Accord *Allied Productions v. Peterson*, 233 Ga. 266 (211 SE2d 123) (1974); *Talley v. City Tank Corp.*, 158 Ga. App. 130, 133 (279 SE2d 264) (1981). The record shows that appellant's motion to open default was filed on March 22, 1984, subsequent to the date (March 14, 1984)

on which this court directed the remand of the case, but prior to the actual filing of the remittitur in the Superior Court of Camden County on April 6, 1984. Given this factual situation, we must hold that the trial court was without jurisdiction to entertain the motion at the time that it was filed, that the motion was therefore not properly before the trial court, and that any proceedings relative thereto were a nullity. Id.; see also OCGA §§ 5-6-9, 5-6-10. The trial court did not err in refusing to open the default judgment, and appellant's fourth enumeration is without merit.

3. Thorough scrutiny of the record persuades us that, in view of our holdings in Divisions 1 and 2, supra, appellant's remaining enumerations of error are devoid of merit. It would appear that appellant's remedy lies in a different cause of action.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 15, 1985 —
REHEARING DENIED JANUARY 31, 1985 — 

*Richard A. Brown, Jr., John E. Bumgartner*, for appellant.
*Orion L. Douglass*, for appellee.