## 42059. MARSH v. WAY.

(336 SE2d 795)

BELL, Justice.

This case is here on certiorari from the Court of Appeals. See *Marsh v. Way*, 173 Ga. App. 399 (326 SE2d 499) (1985). The facts of the case are well-stated in the Court of Appeals' opinion, and will only be reiterated here in relevant part.

1. The first issue to be resolved is the propriety of the Court of Appeals' holding that Marsh's motion to open default was not properly before the trial court. Marsh filed that motion after the Court of Appeals' vacation of the default judgment rendered against her, see *Marsh v. Way*, 170 Ga. App. 300 (316 SE2d 599) (1984), but before the remittitur was filed with the trial court.

The trial court orally heard the motion after the remittitur was filed, and later denied it on the merits. On appeal from that judgment, the Court of Appeals held that the trial court was not reinvested with jurisdiction over the case until the filing of the remittitur in the trial court, and that, since the motion to open default was filed before that date, it was "not properly before the trial court, and . . . any proceedings relative thereto were a nullity." *Marsh v. Way*, supra, 173 Ga. App. at 401, 402.

Pretermitting the issue of whether the trial court was without jurisdiction to entertain the motion at the time it was filed, see generally *Thomas v. Home Credit Co.*, 133 Ga. App. 602 (211 SE2d 626) (1974); *Hagan v. Robert &c. Assoc.*, 222 Ga. 469 (150 SE2d 663) (1966), we disagree with the result reached by the Court of Appeals, since we find that under the facts of this case the motion was properly before the trial court at the time it was ruled upon.

The trial court reacquired jurisdiction of this case upon the filing of the remittitur with the clerk of court. *Talley v. City Tank Corp.*, 158 Ga. App. 130 (279 SE2d 264) (1981); *Hagan v. Robert &c. Assoc.*, supra, 222 Ga. We find it reasonable to conclude that the trial court, by acting on the motion to open default after the filing of the remittitur (that is, by scheduling a hearing thereon, holding a hearing thereon, and ruling thereon), adopted that motion as a pending matter, and we know of no reason why it could not do so. See *Talley v. City Tank Corp.*, supra, 158 Ga. App. at 133. To hold that the trial court could not have properly considered the motion unless Marsh had taken the redundant and perfunctory step of refiling the motion "would place form over substance and this we decline to do." Id. at 133.

Moreover, a trial court is authorized to hear motions orally presented to it during hearings. OCGA § 9-11-7 (b) (1). Here, the trial court's order states that the motion to open default was presented and argued at a hearing. The motion, therefore, was effectively

presented to the trial court. OCGA § 9-11-3 (b) (1); *Newport Timber Corp. v. Floyd*, 247 Ga. 535, 537, fn. 2 (277 SE2d 646) (1981).

2. Having decided that the filing of Marsh's motion to open default before the remittitur was not an impediment to the trial court's consideration thereof, we must determine whether the trial court was precluded from considering the motion for any other reason.

In *Marsh v. Way*, 170 Ga. App. 300, supra, the Court of Appeals vacated the judgment of the trial court in favor of the plaintiff for $255,000 entered after trial without a jury, and remanded the case for findings of fact and conclusions of law as to damages (not as to liability, which had been determined by the default).

Way argues that on remand the scope of the trial court's authority to act in the case was limited to the preparation of findings of fact and conclusions of law and the entry of a judgment thereon, and that the trial court therefore could not have properly considered the motion to open default. Marsh argues that when the trial court's judgment was vacated, there was no final judgment and defendant's motion to open default, made before final judgment, was timely. OCGA § 9-11-55 (b). We disagree.

The sole purpose of vacating the trial court's judgment was to enable the trial court to enter findings of fact and conclusions of law as to damages and to reenter a proper judgment based thereon, from which an appeal would then lie. When an appellate court vacates a trial court's judgment and remands for findings of fact and conclusions of law on a specific issue, this does not permit the trial court to reopen the case for other purposes. Instead, the scope of the trial court's authority to act on remand is limited to the specific purpose of making the applicable findings and conclusions. Thus, we hold that, in the instant case, when the judgment was vacated and the case remanded for findings of fact and conclusions of law with regard to damages, Marsh's motion to open default made upon remand was not timely.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., Smith and Weltner, JJ., who dissent.*

SMITH, Justice, dissenting.

I agree with Division 1 of the majority opinion. However, I dissent as to Division 2 and the judgment, and I would reverse and remand with direction.

The Court of Appeals left two issues that the parties raised unaddressed. This Court decided one of the issues when it held that the trial court's authority to act on remand is limited. I disagree with this holding. I believe that when the trial court's judgment was *vacated* by the Court of Appeals and the remittitur sent down to the trial court, there was no final judgment and the trial court could entertain the

appellant's motion to open the default. See OCGA § 9-11-55 (b). The other unaddressed issue is the appellant's contention that the trial court abused its discretion in refusing to open the default.

Our Constitution provides that every person has a right to be heard in court. Art. I, Sec. I, Par. XII. The fact is that the appellant was denied this constitutional right when an agent or employee of appellee's insurance carrier placed the complaint against the appellant in his pocket until the case went into default. This is not fair, and justice was not served. The fact that the appellant might have insurance is not a factor in this case. The appellant is the defendant, and we are in no position to determine what effect this default judgment could have upon the appellant and her property.

Fundamental fairness is a cornerstone of our judicial system and fundamental fairness dictates that this default be reopened and this appellant be given her day in court. She has been denied her constitutional right to her day in court, and she is entitled to a hearing.

I would reverse the Court of Appeals and remand the case for them to address the issue of whether or not the trial court abused its discretion in failing to open the default.

I am authorized to state that Presiding Justice Marshall and Justice Weltner join in this dissent.

DECIDED DECEMBER 3, 1985 —
RECONSIDERATION DENIED DECEMBER 19, 1985.

*Dickey, Whelchel, Brown & Readdick, Richard A. Brown, Jr., John E. Bumgartner*, for appellant.
*Orion L. Douglass*, for appellee.