## 43197. MARSH v. WAY.

(343 SE2d 686)

MARSHALL, Chief Justice.

This action had its genesis in a wrongful-death suit against the appellant by the deceased's spouse, appellee John Way. Mrs. Way

was accidentally and fatally struck down by an automobile driven by the original defendant, appellant Jacquelyn Marsh.

After default judgment was entered against her, Marsh made several attempts to open the default judgment on the ground of the alleged fraud of an agent of her insurer in deliberately failing to forward the original complaint to her insurer's attorney. See *Marsh v. Way*, 170 Ga. App. 300 (316 SE2d 599) (1984) (in which the appeal was remanded for findings of fact and conclusions of law as to damages); *Marsh v. Way*, 173 Ga. App. 399 (326 SE2d 499) (1985) (in which it was held that, when the judgment was vacated and the case remanded for findings, conclusions and entry of a new judgment, the trial court was without jurisdiction to entertain the motion to open default made upon the remand, and that her remedy apparently lies in a different cause of action from OCGA § 9-11-55 (b)); and *Marsh v. Way*, 255 Ga. 284 (336 SE2d 795) (1985) (in which we held that, under the facts of this case, the motion to open default *was* properly before the trial court at the time it was ruled upon; held that the scope of the trial court's authority to act on remand was limited to the specified purpose of making the applicable findings and conclusions, and hence that the motion to open default was not timely; and affirmed the judgment for the appellee).

After the ruling of this court, supra, the appellant filed a complaint in equity to set aside the default judgment, also praying for an interlocutory injunction against enforcement of the default judgment and the supersedeas bond filed in conjunction with her appeal of that judgment, pending the complete and final resolution of these proceedings. The trial court denied the relief sought, which order is appealed. We granted the motion for an expedited appeal. *Held*:

OCGA § 9-11-60 (e) provides: "Complaint in equity may be brought to set aside a judgment for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant. Where a judgment is subject to be set aside in equity, the court may grant such other and further relief, legal or equitable, as may be necessary to afford complete relief." OCGA § 23-2-1 provides: "Equity will interfere to set aside a judgment of a court having jurisdiction only where a party had a good defense of which he was entirely ignorant or where he was prevented from presenting his defense by fraud or accident or the act of the adverse party, unmixed with fraud or negligence on his part."

In *Lanier v. Nunnally & Co.*, 128 Ga. 358, 359 (57 SE 689) (1907), we held as follows: "The contention is that in none of these provisions of the code is it distinctly declared that it must be the fraud of the adverse party, and that what is contained therein amounts to a declaration that fraud vitiates the judgment, without reference to the person who is the perpetrator of the fraud. It is said

that this view is derivable from the fact that some of the sections, after reciting as a ground for setting aside a judgment fraud, accident, or mistake, add, in the disjunctive, 'or acts of the adverse party.' It is said that the effect of this is to impliedly declare that fraud, accident, or mistake will vitiate the judgment, without reference to whether the adverse party is connected therewith, and that the acts of the adverse party are also sometimes reasons for setting aside a judgment.

"We can not agree with counsel in this view. The purpose which a court of equity had, when it first exercised jurisdiction to annul a judgment obtained by fraud, was to prevent the adverse party from obtaining an unconscionable advantage as the result of a judgment at law. One who has obtained a judgment at law according to the prescribed method, and who is not chargeable with any conduct which would amount to fraud or imposition upon the adverse party in relation to the judgment, will not be interfered with by a court of equity for the mere reason that a stranger perpetrated a fraud which prevented the other party to the judgment from interposing a defense. *The remedy of the party who is the victim of such fraud at the hand of a stranger to the plaintiff is not by resort to a court of equity to have the judgment set aside, but by seeking proper redress against him who perpetrated the fraud.* In *Morris v. Morris*, 76 Ga. 733, it was said, 'While equity may set aside a judgment for fraud, it must be fraud in the plaintiff in the judgment, or his counsel or agents.' We think the correct rule is the one announced in that decision." (Emphasis supplied.) See also e. g., *Pike v. Andrews*, 210 Ga. 553 (81 SE2d 817) (1954); *Dorsey v. Griffin*, 173 Ga. 802 (3) (161 SE 601) (1931).

Accordingly, since the fraud relied on here to set aside the default judgment is that of the agent of Mrs. Marsh's insurer, it was not that fraud which is required, i.e., that of "the plaintiff in the judgment, or his counsel or agents." Thus, the trial court did not err in denying the complaint in equity to set aside the default judgment and the related relief sought.

*Judgment affirmed. All the Justices concur, except Smith and Weltner, JJ., who dissent.*

DECIDED MAY 29, 1986.

*Dickey, Whelchel, Brown & Readdick, Richard A. Brown, Jr., John E. Bumgartner,* for appellant.
*Orion L. Douglass,* for appellee.